## POULAS v. UNITED STATES.
### No. 8686.

Circuit Court of Appeals, Ninth Circuit.
March 21, 1938.

Edward H. Chavelle, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and G. D. Hile, Asst. U. S. Atty., both of Seattle, Wash.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a conviction for violating 26 U.S.C.A. § 1287 and section 1441, in transporting and concealing non-tax paid liquor.

The sole question in the case is whether evidence assertedly obtained by illegal search and seizure should have been admitted.

The case made by the prosecution is that defendant Poulas was concealing and transporting in an automobile, of which he had control, a certain quantity of liquor on which no tax had been paid. There is no dispute that the liquor was found concealed in his car and that it was illegal or "moonshine" whisky. The liquor itself was introduced in evidence. Without this evidence or the testimony as to where it was found there would not be sufficient to authorize a conviction in this case.

Before the trial the defendant moved to suppress the evidence, stating in support of the motion that he was sitting peacefully in his parked automobile when two federal agents accosted him. Without a warrant they proceeded to search the car and find the liquor. The facts stated in support of the motion recited that there was nothing about the car or its occupant to give the officers probable cause to believe a crime was being or had been committed.

Each of the arresting officers filed a counter affidavit opposing the motion. These affidavits stated that the officers had been advised that defendant was about to transport the "moonshine" whisky in the particular car and that they had been on the lookout for it. Each affidavit further said that the affiant came up to defendant sitting in his car and asked what he was carrying. According to one officer, the defendant answered "moonshine," and according to the other he said "moonshine whisky." The car was then searched and the liquor uncovered.

Aside from defendant's admissions, there was nothing about the automobile or its visible contents to give the officers probable cause to believe a crime was being committed. It was stipulated that the officers had no warrant.

The motion to suppress was denied. On the trial defendant objected to evidence of the liquor seized on the ground of illegal seizure. On overruling the motion, the officers testified in the trial to the same facts as they had set forth in their affidavits. Neither the testimony nor the affidavits were impeached. Nowhere in the record is there any statement or evidence on behalf of the defendant contradicting the word of the officers concerning the defendant's admission.

The law is stated in Carroll v. U. S., 267 U.S. 132, 155, 156, 45 S.Ct. 280, 285, 69 L.Ed. 543, 39 A.L.R. 790. It is there held that a federal officer may search a vehicle if he has probable cause to believe it is concealing illegal merchandise. If he makes the search without probable cause he violates the Fourth Amendment and the evidence may be suppressed. There is nothing oppressive or improper in the peace officers inquiring concerning the contents of the car. The citizen may refuse to answer and no adverse inference can be drawn from the refusal. But defendant did answer them admitting the presence of the whisky. This is abundantly sufficient to give the officers probable cause for the seizure.

We regard this as a frivolous appeal, reprehensible, first, as wasting the

time of other litigants whose cases in arrearage we are striving to hear and decide, and, second, and more important, as an abuse of the processes of federal justice. Appellant admitted at the hearing he knew that it would make his position no stronger here even if he had filed a counter affidavit denying the two officers' statements of his admission to them of his possessing the moonshine whisky, and the court had decided the fact against him. Though such a denial on the motion to suppress would waive no constitutional right, it was not made.

No case is cited in appellant's brief even remotely suggesting that a peace officer, informed by a violator of the law that he is engaged in violating it, has not probable cause to make such search as here made.

His sole argument here is that, if through these officers such an admission to them may be shown to constitute their probable cause for the search, *any* officer can "put in the mouth" of a suspected offender grounds of such cause. The inference suggested is either that the officers perjured themselves or other officers would. Both suggestions are improper and, coming from one who does not deny that his admission freely *came out* of his mouth on a proper inquiry, this argument has an underworld tone more fitting one of its conferences on evasions of the criminal law.

Affirmed.