DAVIS *v.* STATE OF INDIANA

[No. 29,332. Filed September 24, 1956.]

*Robert A. Buhler* and *Marvin L. Komisarow,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Harriette Bailey Conn,* Deputy Attorneys General, for appellee.

LANDIS, C. J.—Appellant was charged with committing the crimes of rape and sodomy upon a fifteen year old girl, and after a trial by jury was convicted of rape and acquitted of the sodomy charge. He appeals from the judgment of conviction and has assigned as error the overruling of his motion for new trial.

Appellant in his brief concedes that he waives all errors except specification three of the motion for new trial which appellant states "concerns the propriety

and admissibility of the confession procured from appellant." In such confession appellant admitted having sexual relations with the girl on five or six occasions.

Appellant's sole contention on this appeal is that the confession was inadmissible because it was procured from appellant at a time when he was held in custody under a warrant from the city court of the city of Fort Wayne, Indiana, on a previous charge of contributing to the delinquency of a minor, which charge appellant contends was not within the jurisdiction of said city court.

Assuming without deciding that appellant was being held without legal process or lawful right at the time of making his confession, as contended by appellant, does that circumstance alone require that the confession be rejected as evidence in a subsequent prosecution?

The question of the admissibility of a confession taken from a defendant while he was being held without legal process or lawful right was considered by this court in *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 177, 12 N. E. 2d 501 (Certiorari denied), 304 U. S. 564, 58 S. Ct. 951, 82 L. Ed. 1531, and there this court decided against appellant's contention and stated:

> "Neither does the fact that a defendant, at the time of making a confession, is held without any process or lawful right require that it be rejected. *Balbo* v. *People* (1880), 80 N. Y. 484."

Thereafter, this court in *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178, 179, held that the fact a defendant at the time of making his confession was held without process or lawful right must be considered, but that such unlawful detention

did not as a matter of law, require that the confession be rejected as evidence. The court further said in such case that the majority opinion in the case of *Watts* v. *State* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801, does not warrant the contention made by counsel that such case holds "that a confession obtained during the period of unlawful detention without arraignment would be inadmissible as a matter of law under the due process clause." Also see: *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362.

Appellant in the case at bar makes no contention on this appeal that he was coerced or influenced through violence or fear to make his confession, but says in effect that if he was held by invalid process when he made his confession, such confession as a matter of law was inadmissible.

In the light of the above authorities we hold against appellant in his contention that the confession was inadmissible as a matter of law.

It is unnecessary to our decision on this appeal to consider whether the city court of the city of Fort Wayne, Indiana, had jurisdiction of the previous case in which appellant was charged with contributing to delinquency.

Judgment affirmed.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 137 N. E. 2d 30.