Connie Andrew **DE PHILLIPS,** Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16747.

United States Court of Appeals Ninth Circuit.

Oct. 19, 1961.

Rehearing Denied Nov. 20, 1961.

See also 294 F.2d 828.

Lee H. Cliff, San Francisco, Cal. (appointed counsel), for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, Asst. U. S. Atty., Chief, Crim. Div., and Thomas R. Sheridan, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before POPE, HAMLIN and KOELSCH, Circuit Judges.

PER CURIAM.

After the argument and submission of this case, this court on September 18, 1961, filed its opinion in which it held without merit the appellant's contention that the evidence in the trial court was such as to compel a ruling that certain evidence had been taken from the appellant by state narcotics officers by procedures which were in violation of appellant's constitutional rights.

However, in view of the suggestion that the trial court in refusing to suppress such evidence may have been relying upon the so-called "silver platter doctrine" we continued the appeal for the purpose of permitting the trial court to make known by certificate the grounds for its ruling admitting the evidence claimed to have been illegally obtained.

The trial judge has now made a certificate disclosing that his ruling permitting the introduction of the evidence and refusing to strike the same was based upon the evidence relating to the arrest of the defendant, and the subsequent search and seizure, and his finding that the evidence clearly showed that the arrest was a valid one and that the search and seizure which followed was not illegal.

The statement made in our former opinion that the evidence was sufficient to warrant such a finding by the trial judge reflected the showing in the record that shortly before the arrest the officers had observed two known narcotic violators enter the place where the defendant then was and leave fifteen or twenty minutes later. The officers followed these men to a hamburger stand,

got in line behind them and observed that they had symptoms of persons who had just taken narcotics. They had puncture type wounds in their arms, had difficulty maintaining balance, and were apparently on the verge of going to sleep. These men were arrested, and one of them was found to have in his possession capsules of heroin. The officers were told that the two men had just purchased this from appellant at the latter's residence and they had each used one capsule of heroin just prior to being arrested. Later the same day the officers observed another known narcotic violator enter appellant's residence and leave fifteen minutes later. This man was followed, arrested, searched and found in the possession of narcotics paraphernalia and $100, and he advised the officers that he had gone to the appellant's house to purchase heroin; that appellant was not home and he had planned to return to get it later. Shortly thereafter deputies went to appellant's home in which a Mrs. Fletcher also resided. They received Mrs. Fletcher's permission to enter and waited for appellant's return as he was not then in. They identified themselves as sheriff deputies conducting an investigation; inquired of Mrs. Fletcher about narcotics and Mrs. Fletcher showed them a canister containing narcotics paraphernalia including a hypodermic needle stating it belonged to the appellant. She showed the deputies a quantity of a substance resembling marijuana but declined to state who owned it but did advise the officers that appellant did not "stash" in the house but usually carried his "stash" with him. It was shortly thereafter that appellant returned home and he was arrested upon entering the house and found in possession of the quantity of heroin which constituted the evidence seized by the officers which is here in dispute.

As we stated previously, the finding of the court was amply sustained by the evidence.

The judgment is affirmed.