Alvin Ervin **MOORE** and Stanley Smith, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 18797.

United States Court of Appeals Fifth Circuit.

Dec. 7, 1961.

tions to suppress seeking exclusion of the check. By agreement the cases were consolidated for hearing on said motions and for trial. The trial court denied the motions. Upon trial by the court, appellants having waived jury trial, on the issues raised by the charges and pleas of not guilty, both appellants were found guilty, and this appeal is from judgments of conviction.

The sole question here turns on the correctness of the order denying the motions to suppress. Appellants contend that it was error for the reason that the check was obtained from appellant Moore by a state police officer through search and seizure incidental to an arrest without a warrant, where there was no probable cause for the arrest, thus violating rights secured to appellants by the Fourth and Fourteenth Amendments to the Constitution of the United States. Weeks v. United States, 1914, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, Elkins v. United States, 1960, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

State law determines the validity of an arrest without a warrant. United States v. Di Re, 1947, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210. Under the Florida statute, F.S.A. § 901.15(3) an arrest may be made without a warrant if the officer has reasonable ground to believe that a felony has been or is being committed by the person arrested. Reasonable ground under the Florida statute, the government concedes, is synonymous with probable cause. And we must determine the existence of probable cause from the facts as they existed at the time viewed through the eyes of the police officer. Bell v. United States, 1958, 102 U.S.App.D.C. 383, 254 F.2d 82. The arrest cannot be justified by the search or the fruits of the search so we must look to the facts as they existed prior to the arrest. Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.

The facts, in the view most favorable to the government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, concerning the arrest,

Stanley Wolfman, Tobias Simon, Miami, Fla., for appellants.

Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

BELL, Circuit Judge.

Appellant Alvin Ervin Moore was charged in two indictments with forgery and unlawful possession of a treasury check in violation of the provisions of Title 18 U.S.C.A. §§ 495 and 1708, respectively. Appellant Stanley Smith was charged with violation of § 1708 in wilfully aiding and abetting Moore in the unlawful possession of the treasury check which had been stolen from the United States mail. Both appellants filed mo-

search and seizure are as follows. Between eleven and twelve o'clock A.M. the police officer was notified of the theft of a bundle of mail three and one half blocks from where the arrest took place, and was advised to be on the lookout for the thief or thieves. Thereafter, while patrolling in a police car, the officer observed appellant Moore, a female companion beside him and three male companions close behind walking on the street. He observed through his rear view mirror that they were watching him. The officer made a U-turn and as he did the three individuals to the rear ran. Appellant Moore and his companion continued to walk but turned into an alleyway. The officer turned in behind them and as he approached them observed Moore throw something down, and then partially cover it with his foot as the officer pulled up and began talking to him. Moore was holding a wallet in his hand and when asked if he had an identification card in his hand replied, "This is Fannie Campbell's identification." The female companion of Moore denied that she was Fannie Campbell. The officer looked down and saw what appeared to him to be a part of a brown envelope of the type used by the government protruding from under Moore's foot. The officer took the envelope and discovered the treasury check in question therein made payable to Fannie Campbell. Thereupon the officer arrested Moore and his companion for mail theft.

At the earliest the arrest took place when the officer took the envelope from under the foot of Moore. Henry v. United States, 1959, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; Rios v. United States, 1960, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. Prior to that time only routine questioning had taken place, prompted by the attention paid by Moore and his companions to the police car, and by the flight of the three individuals bringing up the rear. The approach by the officer to question was followed by Moore throwing the envelope down, then partially concealing it with his foot, discussion of the identification card with

the officer, the disclosure that the female companion did not own the card, and the sight of the envelope and the color of it by the officer.

In Rios, the court in remanding said that if the officers approached the taxi in which Rios was riding for routine interrogation and Rios voluntarily revealed the narcotics to the view of the officers, a lawful arrest could then have been made on the basis of reasonable cause to believe that a felony was being committed in their presence. Here, it may be said that the approach was for routine interrogation and sufficient facts were voluntarily given the officer to cause him reasonably to believe that the felony of possessing a stolen government check was being committed.

Suffice it to say however, that the facts and circumstances known to the police officer here constituted adequate probable cause for the arrest. The trial court, having as it did the primary responsibility of determining probable cause or lack of it, Dicks v. United States, 5 Cir., 1958, 253 F.2d 713, did not err in denying the motions to suppress.

Affirmed.