James T. COGDELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16696.

United States Court of Appeals District of Columbia Circuit.

Argued April 30, 1962.

Decided May 31, 1962.

Petition for Rehearing En Banc Denied En Banc Sept. 19, 1962.

---

4. Quoted supra note 3.

Mr. William H. Collins, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant complains of his conviction on a charge that he unlawfully possessed a United States Treasury check which he knew had been stolen from the mails. Summarizing his present claims, he asserts that the District Court erred (1) in receiving the check in evidence against him, (2) in not directing a verdict of acquittal and (3) in failing to correct a possible misapprehension by the jury in view of allegedly improper argument by Government counsel.

This appellant and a companion, Green, were standing in front of an F Street store about 1 P.M. on March 4, 1961. Detective Crockett, recognizing the appellant as a previously convicted "confidence operator," posted himself where he could watch the men. It was his duty, in part, to know pickpockets, confidence operators and shoplifters. He kept the men under surveillance for some 15 minutes, and then approached the appellant and identified himself. Although he knew the appellant, and a year earlier had posted his picture and his police record on the precinct bulletin board, he asked Cogdell his name. The latter told the detective, "Jackson," which is appellant's mother's name. Cogdell further said he had been working for a paint company, but on questioning, presently conceded that statement to be untrue and that he was unemployed. When the detective asked why they were loitering there, the men lied about the time they had been there, saying they had just arrived. Appellant admitted to the officer his previous conviction as a confidence operator.[1] Thus,

Mr. Robert J. Corber, Washington, D. C. (appointed by this court), for appellant.

1. Appellant's trial counsel, apparently as a matter of tactics, brought out that when the detective first saw Cogdell and Green, they were carrying newspapers. He developed that this is a common practice of pickpockets and shoplifters when engaged

appellant failed to give "a good account" of himself within the applicable statute.[2] The detective arrested both men on a charge of vagrancy, put Cogdell in the front seat of an unmarked car, and with Green in the back seat, the officer drove to No. 1 Precinct. On the way the detective saw Green put something under the front seat of the car, and warned him then that he would be held accountable for whatever it was.

■ At the precinct, when booking and other administrative steps were being taken, the police found in Cogdell's pocket a Government envelope containing a United States Treasury check dated March 1, 1961, in the amount of $60 made payable to one Edna F. Teicher. More important, with the check was a change of address form upon which had been forged the name of the payee and an identification card bearing a false and incorrect birth date ascribed to Mrs. Teicher.[3] When confronted with such evidence, appellant told Detective Crockett that he had taken the envelope with the exhibits from an unconscious person found on the street. The trial judge having correctly ruled that there was probable cause for the arrest, properly received in evidence the exhibits taken from Cogdell's pocket.

Mrs. Teicher testified that upon arrival at her apartment the previous evening March 3, about 5 P.M., she discovered that the lock on her mail box had been broken and that the box was open. As the wife of an Army man, she usually received her allotment check between the first and the sixth of each month. A Post Office inspector testified that such checks mailed from Indianapolis on the first of the month would normally be delivered in the District of Columbia within two days.

■ Cogdell did not testify at the trial. His counsel moved for a verdict of acquittal on the ground that the indictment had alleged that the crime took place on or about March 1st, but the evidence "has been solely on the days of March 3 and 4." He argued that the variance between the proof and the allegation "should be fatal to the Government's case."

The trial court correctly overruled the motion. There was no showing that the defense had in any way been prejudiced by the minor variation in the date. The allegation "on or about March 1st" in the indictment with respect to the check bearing that date was sufficiently informative and not at all unusual. Fed.R.Crim. P. 7, 18 U.S.C.A. expressly permits the filing of a motion for a bill of particulars "within ten days after arraignment," or otherwise in certain circumstances. No such motion was filed.

■ Present counsel now argues that there was insufficient evidence on the record as a whole to justify a conviction, and that the motion should have been granted on that ground, even though it had not been urged. We do not agree. On the contrary, we are quite satisfied that the jury could properly infer guilt under the circumstances shown.

in their illegal activities. Cogdell testified at the hearing on his motion to suppress that the detective told the men they fitted the description of two pickpockets to whom a lady shortly before had lost her wallet.

2. D.C.Code § 22-3302 (1961) provides:
"The following classes of persons shall be deemed vagrants in the District of Columbia:
"(1) Any person know to be a pickpocket, thief, burglar, confidence operator, or felon, either by his own confession or by his having been convicted in the District of Columbia or elsewhere of any one of such offenses or of any felony, and having no lawful employment and having no lawful means of support realized from a lawful occupation or source, and not giving a good account of himself when found loitering around in any park, highway, public building, or other public place, store, shop, or reservation, or at any public gathering or assembly."

3. Thereupon, since Green had placed something under the front seat of the car while en route to the precinct, Detective Crockett went outside and found two additional Government checks. Additional counts in the indictment with reference to these latter checks ran only against Green.

Present counsel would now have us say that the argument of Government counsel before the jury was improper. Government counsel told the jury that conviction on the first two counts was being sought on the theory "that the possession of recently stolen property without being properly accounted for, may raise a presumption of guilt." We assume he expected—without precise discernment—that the trial judge might so instruct the jury on the basis of such cases as Gilbert v. United States, 94 U.S. App.D.C. 321, 215 F.2d 334 (1954), and United States v. Sahadi, 292 F.2d 565 (2 Cir. 1961), but the judge did not do so. Instead, he carefully and adequately explained the jury's prerogative in terms of circumstantial evidence and the *inferences*[4] reasonably to be deduced therefrom. Aside from the fact that the prosecutor was arguing with respect to the first two counts and that no exception was taken as to the point now asserted, the argument as made involved the Government's concession that "nobody saw him break into the mail box in question." The trial judge expressly limited the force and effect which the jury was entitled to accord to the arguments of counsel.

Briefly recapitulated, the case presented by the Government was totally uncontroverted unless we are to give some force to appellant's statement to Detective Crockett that he had taken the check from the pocket of an unconscious man lying in some unidentified street. When considered with all other circumstances, such a fabricated explanation naturally and properly gives rise to an inference of guilty knowledge.[5] Moreover, the forged identification purportedly in Mrs. Teicher's handwriting on the change of address form and the false date of birth on the identification card speak eloquently of guilty knowledge on the part of Cogdell that Mrs. Teicher's check in his possession had been stolen.[6] Our study of the charge as a whole leaves us with the firm conviction that the jury was properly instructed on every element of the case.

We find no error.

Affirmed.

---

4. We are especially persuaded that the jury exercised adequate discernment since Cogdell was acquitted on the first two counts which had charged him with stealing mail and abstracting a letter containing a Treasury check. Torres v. United States, 270 F.2d 252, 256 (9 Cir. 1959), cert. denied 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960). And see Bray v. United States, 113 U.S.App.D.C. ——, 306 F.2d 743 (1962).

5. See Seeman v. United States, 96 F.2d 732 (5 Cir.), cert. denied, 305 U.S. 620, 59 S.Ct. 80, 83 L.Ed. 396 (1938); and see Epps v. United States, 81 U.S.App. D.C. 244, 157 F.2d 11 (1946).

6. Cf. Torres v. United States, supra note 4, 270 F.2d at 258, 259.