Nathan R. Sobel, J.
A hearing has been held on this motion to suppress (Code Crim. Pro., § 813-c).
The facts developed are these:
A police captain while cruising in a police car observed the defendant and another (not before this court) carrying luggage at 4:30 p.m. in the Brooklyn Heights section of Ms command. To this experienced police officer with a finely developed radar for criminal activity, this seemed suspicious — but only in the sense that Puerto Rican youngsters carrying expensive looking luggage in the particular neighborhood presented an incongruous situation. He took what appeared to him the only course open. He detained the defendant and questioned him. The defendant informed him that the luggage belonged to a friend whom he inadequately identified. The police captain took *266 the defendant and the luggage with him into the police car to locate the “ friend.” There was no such person. The captain delivered the defendant and the luggage to a detective in the squad office. The detective soon elicited from the defendant a confession that he had broken into and stolen from an automobile the luggage in question. The luggage belonged to a distinguished visitor to our community.
The defendant is charged with grand larceny.
Thus, despite the fact that the police took what is ostensibly proper action under the circumstances, the fact that a felony had been committed was not ascertained until the defendant and the luggage had been in the custody of the police for half an hour. Of significance also is the fact that the product of the alleged search, the luggage, was the motivating influence in the detention and arrest of the defendant.
The issue presented is narrow and simple of solution. The result turns on whether at the time of first detention, the police had probable cause to believe that a felony had in fact been committed and had statutory authority to arrest.
The People, however, on oral argument raise two issues.
I. Did the facts and circumstances known to the police constitute probable cause to make the arrest and the incidental search?
II. Do the police under suspicious circumstances (not amounting to probable cause) have the right to detain a suspect for questioning or investigation and during such investigation and before formal arrest, obtain the probable cause to make the contemporaneous arrest and incidental search?
Because these issues relating to probable cause recur with great frequency (these are estimated to represent 90% of all search and seizure issues) and because some of our trial courts have reached inconsistent conclusions on similar fact situations, it may be helpful to place the narrow issue of probable cause as it affects detentions, investigations and formal arrests within a proper perspective in the law of search and seizure.
There are some excellent definitions of probable cause by high courts. The most often quoted is that of Brinegar v. United States (338 U. S. 160). A recent decision in the District of Columbia Circuit, Jackson v. United States (302 F. 2d 194) contains some pertinent observations. These are helpful.
However, these are general rules sufficiently elastic to justify opposite conclusions on identical facts. The endeavor of this opinion will be to establish, from the Federal and State cases, a fact pattern from which a more precise finding of the existence of probable cause can readily be made by our Trial Judges.
*267 To place the issue in proper perspective some general observations may first be made.
THE INDISPENSABLE ABSOLUTES AND RELATIVE VARIABLES.
Probably much of the uncertainty (Commonwealth v. Richards, 198 Pa. Super. Ct. 39) in the narrow issue of probable cause (as well as other issues in the law of search and seizure) has been caused by a statement of the court in United States v. Rabinowitz (339 U. S. 56, 63): “ What is a reasonable search is not to be determined by any fixed formula. The Constitution does not define what are ‘ unreasonable ’ searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case.”
This paragraph has been quoted out of context to establish that there is much unconstancy and as a result inconsistency in the law of search and seizure. In context, it is clear that the court was referring to a small area of the law of search and seizure in which an issue rarely arises. In fact, since Mapp such an issue has not been raised in any appellate court of this State.
The Rabinowits search was an incidental search conducted after an arrest pursuant to an arrest warrant. Probable cause to arrest had been predetermined by the “magistrate” and ample cause existed because the police had made previous purchases of forged stamps from Babinowitz. No issue of probable cause to arrest was involved or raised in Rabinowits. Nor was there an issue with respect to statutory authority to arrest. Pursuant to a Federal warrant of arrest, ‘ ‘ police ’ ’ may arrest for any crime, felony or misdemeanor, in or out of fixed premises and for crimes not committed in the presence of the officer.
Thus, the two most frequent search and seizure issues, (1) probable cause, and (2) statutory authority to arrest, were not in issue in Rabinowits.
These two are the “ indispensable absolutes ” of a reasonable search. Without these no search is ever reasonable.
The sole issues before the Rabinowits court were in what may be termed generally the ‘ ‘ relative variables ’ ’ area of the law of search and seizure. Specifically these issues were (1) the physical area encompassed in the incidental search; (2) the “ exploratory ” nature of the incidental search by reason of its duration and intensity; and (3) the practicability of first obtaining a search warrant. (The police had obtained an arrest but not a search warrant.)
*268 Thus the Rabinowits court was discussing the relative and variable character of these three pertinent factors when it held that with respect to these relative variables, there is no “ fixed formula” and no ‘ litmus-paper test” to be applied but the “total atmosphere” of the conduct of the search and the practicability of obtaining a warrant should be considered.
The point here emphasized is that with respect to the indispensable absolutes of probable cause and statutory authority to arrest, there is no uncertainty. These must be established before an incidental search may be reasonable.
It is important not only with respect to establishing a fact pattern of probable cause but also to determine whether “ detention and investigation ’ ’ may precede probable cause, to establish the relationship between the two indispensable absolutes of (1) probable cause and (2) statutory authority to arrest.
The Fourth Amendment and its State counterpart (art. I, § 12) command that no search is reasonable except upon probable cause and by a search warrant. The decisions of the United States Supreme Court, all of constitutional dimension, hold that the only exception to search by search warrant is an incidental search pursuant to a lawful arrest (People v. Loria, 10 N Y 2d 368). The exception is justified by practical necessity (Jones v. United States, 357 U. S. 493; United States v. Rabinowitz, 359 U. S. 56, supra).
Thus, it is the Constitution which requires probable cause not only to obtain a search warrant but also to conduct an incidental search. On the other hand, it is the statutes, State or Federal, which define the authority of the “ police ” to arrest. Yet the Constitution declares that no incidental search is reasonable unless both the constitutional requirement of probable cause to search and the statutory authority to arrest are established.
Often State and Federal arrest statutes also require the existence of probable cause before a lawful arrest may be made. In such a case, both the constitutional command of probable cause before search and the statutory demand of probable cause before arrest run into each other. In such case the single proof of probable cause satisfies both standards.
But it is essential that both indispensable absolutes be established. For example, we have no State statute which authorizes an arrest for a misdemeanor not committed in the presence of the police officer. (People v. Yarmosh, 11 N Y 2d 397; People v. Foster, 10 N Y 2d 99; People v. De Fore, 242 N. Y. 13.) Thus while the constitutional standard of probable cause may exist in abundance before the misdemeanor arrest, the indispensable absolute of statutory authority to arrest is not present. Such a *269 search is unconstitutional and unreasonable under the construction given the Fourth Amendment by the courts. However, a State may, as a few States have, authorize by statute arrests for misdemeanors not committed in the officer’s presence. In such States such incidental searches are reasonable.
In a reverse situation, many State arrest statutes, including our own (Code Crim. Pro., § 177, subds. 2, 3) permit arrests for felonies without probable cause. However, if the constitutional standard of probable cause is not established prior to the search and contemporaneous arrest, the search is unreasonable although statutory authority to arrest exists.
THE FELONY ARREST STATUTES.
Statutory authority to arrest is an indispensable absolute of a reasonable search.
The felony arrest statutes are here discussed primarily because they suggest a fact pattern from which a more precise finding of probable cause may be made.
However because of the distinctions between Federal and State arrest statutes with respect to the requirement of probable cause, an issue will occasionally arise whether some of the decisions of the United States Supreme Court are of constitutional dimension or whether this and other States may adopt their own arrest standards. As noted in my comment in the Pleader, “ The Law of Search and Seizure,” September, 1961 (also N. Y. L. J., Dec. 26, 1961 to Jan. 4, 1962, Editorial pages): “ Mapp has of course, as applied to the states, removed much of the vagueness of the Due Process Cause by making the Fourth Amendment the standard. But nevertheless it has left broad discretion, within constitutional limits, to the states. For, as noted later herein, the reasonablnesss of a search may turn upon the lawfulness of an arrest. Federal arrest statutes are in many respects different from state arrest statutes. Thus, a federal search may be ‘ unreasonable ’ by virtue of an unlawful arrest under a federal statute. But the same search may be perfectly reasonable by virtue of a lawful arrest under a state arrest statute.” (N. Y. L. J., Dec. 26,1961, p. 4, col. 5, p. 12.)
This is an issue which will soon confront our appellate courts. It is discussed in Part H of this opinion “detention v. arrest.”
The typical Federal arrest statute provides: ‘ ‘ agents of the Federal Bureau of Investigation * * * may * * * make arrests without warrant for any offense * * * committed in their presence, or for any felony * * * if they have reasonable grounds to believe that the person to be arrested *270 has committed or is committing such felony.” (U. S. Code, tit. 18, § 3052.)
It should be noted that probable cause must precede an arrest.
But note our State arrest statute:
“A peace officer may, without a warrant, arrest a person,
‘ ‘ 1, For a crime, committed or attempted in his presence;
“ 2. When the person arrested has committed a felony, although not in his presence;
‘ ‘ 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it;
“ 4. When he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward appear that no felony has been committed, or, if committed, that the person arrested did not commit it,” (Code Grim. Pro., § 177; see, also, § 179 governing nighttime arrests,)
Subdivisions 1, 2 and 3 were enacted in 1881. These have been enacted in many of our States including California. The purpose of the drafters was solely to protect the innocent public from unwarranted arrest, (People v. Foster, 10 N Y 2d 99,105, supra; People v. Shanley, 40 Hun 477.)
Far from the thoughts of the drafters were the exclusionary rule and search and seizure issues. All evidence no matter how obtained was admissible to convict. (Adams v. New York, 192 U. S. 585; People v. De Fore, 242 N. Y. 13, supra.) As one court (Gilmore v. State, 3 Okla. Cr. 434, 439) put it: “ Can the burglar, arrested with the tools and fruits of his crime upon his person, object to the introduction of this evidence against him upon the ground that his arrest was irregular? * * * Can a defendant charged with murder object * * * that he had in his possession property taken from the deceased? Would any technical error in the manner of his arrest render such evidence illegal? ”
The answer then was “ no; ” the illegality of the arrest did not affect the admissibility of the evidence. And, today, the answer is the same, apart from evidence which is the product of an unreasonable search.
Then as now the defendant may not complain that he was unlawfully arrested, per se, without probable cause. If the officer ‘ ‘ guessed ’ ’ correctly and the defendant is after arrest identified by the victim, he may be convicted. And, if following such unlawful arrest, he should confess his crime he may be convicted. (Balbo v. People, 80 N. Y. 484; People v. Barbato, 254 N. Y. 170; People v. Klyczek, 307 Ill. 150; Driver v. State, *271 201 Md. 25, 30; State v. Raftery, 252 Mo. 72.) It is only evidence, tangible or intangible, which is the product of an unreasonable search which we are now commanded by Mapp to exclude.
If we examine our felony arrest statute (supra) (Code Grim. Pro., § 177, subds. 2, 3) it will be observed that unlike the Federal arrest statute probable cause is not required before arrest. It is the fact of felony whether established before or after arrest which is determinative.
It is a non sequitur to declare that a defendant may be convicted following an unlawful arrest. For it is the ultimate fact of conviction or acquittal which determines whether the arrest was in the first instance lawful or unlawful. (Code Crim. Pro., § 177, subds. 2, 3.)
Subdivision 4 added in 1958 and unique in this State, was intended (and expressed that intent clearly) to safeguard the police against civil suit if they “guessed” wrong but based the “ guess ” upon probable cause. It did not change the law of arrest per se. It did not repeal subdivisions 2 and 3. The law in this State still is that probable cause to arrest for a felony need not be established before arrest. It is the ultimate fact of felony whether established before arrest or after arrest which determines the legality of the arrest.
It should be noted parenthetically that subdivision 4 does not, as some courts have held, permit an arrest for a misdemeanor not committed in the officer’s presence if the police have probable cause to believe the crime to be a felony. It was not so intended and does not so provide. Under subdivision 1, the police may arrest for any crime, felony or misdemeanor, committed in their presence. But there is no statutory authority authorizing arrest for a misdemeanor not committed in the presence of the police (People v. Moore, 11 N Y 2d 271, 273).
The obvious point made in the foregoing discussion concerning felony arrests without a warrant, is that for the purpose of the exclusionary rule, (a) in the Federal jurisdiction probable cause must precede the arrest as well as the search; (b) in this State (and other States having similar arrest statutes) probable cause must precede the search but not, at least by specific statutory requirement, the arrest.
Thus if the indispensable absolute of probable cause precedes the search, the other indispensable absolute of statutory authority to arrest may be established as a result of the search.
To an extent this is an exercise in semantics as was observed by the California Supreme Court in People v. Brown (45 Cal. 2d 640), faced with an identical arrest statute. In that case the *272 police “ arrested ” or “ detained for investigation ” without probable cause. But as a result of questioning and before the search commenced, the police did obtain probable cause to search. The court disposed of the People’s contention by stating (p. 643): “ Accordingly, the question presented is not whether the arrest of the guilty felon is lawful in the absence of reasonable cause for the officer to believe him guilty, but whether the search incident to the arrest is reasonable, and it is therefore unnecessary to determine whether a requirement of reasonable cause applies by implication to subdivision 2 of section 836.”
The facts in Brown were appropriate to this solution. In effect, the facts warranted the holding that the arrest and search were contemporaneous, and since the Constitution requires probable cause to precede the search, it also requires probable cause to precede the contemporaneous arrest to which the search is incidental. This solution imposes the Federal standards upon our State courts and gives our Trial Judges the benefit of the learned opinions of the Supreme Court and Federal judiciary in this difficult area of the law of search and seizure.
A legislative commission is now considering amendments to our arrest statutes. There is justification in the law of search and seizure for requiring probable cause to precede felony arrest for the purpose of conforming our arrest statutes to the Federal statutes. But in the law of arrest per se, the consequences of requiring probable cause before arrest could prove enormous.
I.
PROBABLE CAUSE.
As noted, the Constitution now commands that probable cause must precede a search. Since an incidental search to be reasonable must also be contemporaneous with a lawful arrest, probable cause, some courts have held, must also precede the arrest although the statute authorizing the arrest makes no such specific requirement. Probable cause is one of the indispensable absolutes of the law of search and seizure, if not of the law of arrest per se.
The arrest statutes do however furnish a fact pattern which may be helpful in a practical manner in determining the existence of probable cause.
In the incidental search as well as under our felony arrest statutes, probable cause is a two-pronged problem. There must be probable cause to believe a felony has been committed. There must also be probable cause to believe that the person arrested committed it.
*273 When an arrest is made for a crime committed in the presence of the officer, probable cause exists as a matter of law with respect to both prongs of the problem (Code Crim. Pro., § 177, subd. 1).
When both the fact of felony and the person who committed it are known before arrest to the police officer, probable cause exists as a matter of fact even though the crime is not committed in the officer’s presence (cf. Code Crim. Pro., § 177, subd. 2).
When the fact of felony is known to the police officer before arrest but not the identity of the felon, probable cause is established as a matter of fact with respect to the first prong but not the second (category 1, infra; cf. Code Crim. Pro., § 177, subd. 3).
When neither the fact of felony nor the identity of the felon is known to the police before arrest, both prong’s of probable cause must be established (categories 2 and 3, infra; cf. Code Crim. Pro., § 177, subd. 4).
A study of the cases, Federal and State, establishes a clearly defined fact pattern for determining probable cause when both prongs of the problem are not established before arrest either as a matter of law or fact.
1. PACT OP PELONY ESTABLISHED BEPOEE AEBEST.
Almost without exception when the fact of felony is known to the police before arrest, the courts have found the second prong, i.e., identity of the felon, also to have been established. Stated factually, the cases hold that if the police learn from the victim, from their fellow officers, from their own observation at the scene of the crime or from reliable informants that a felony has in fact been committed, the courts require little more toward identifying the felon to warrant arrest and search. Bare description, presence near the scene of the felony, suspicious or furtive conduct — any evidence of this nature — has been held to constitute probable cause to establish the identity of the felon.
Of course, the fact of identity of the felon is always confirmed as a result of the search. The searches where the police “ guess ” incorrectly as to the identity of the felon never reach the courts. Only “ successful ” searches reach the courts with consequential search and seizure issues. For that reason, there must be some evidence amounting to justifiable suspicion with respect to identity of the felon before arrest. The police may not arrest everyone in the area until by process of elimination the felon is found.
The cases which establish this fact pattern are too numerous to cite. Some of the recent cases are: People v. Carafas (11 N Y 2d 891); Landers v. United States (304 F. 2d 577); United States *274 v. Parrott (304 F. 2d 619); United States v. Frierson (299 F. 2d 763); United States v. Potts (297 F. 2d 68); Moore v. United States (296 F. 2d 519); De Phillips v. United States (295 F. 2d 477); State v. Chinn, 373 P. 2d 392 [Ore.]; Commonwealth v. Richards, 198 Pa. Super. Ct. 39, supra; Commonwealth v. Rosurgi, 198 Pa. Super. Ct. 47; Commonwealth v. Czajkowski, 198 Pa. Super. Ct. 511; People v. Ward (32 Misc 2d 843); People v. Coffey (36 Misc 2d 67).
A parenthetic but perhaps pertinent observation in this latter regard is made by Mr. Justice Jackson in his dissent in Brinegar v. United States (338 U. S. 160,183, supra) speaking of “ detention vs. arrest ”: “ But if we are to make judicial exceptions to the Fourth Amendment for these reasons, it seems to me that they should depend somewhat upon the gravity of the offense. If we assume, for example, that a child is kidnaped and the officers throw a roadblock about the neighborhood and search every outgoing car, it would be a drastic and undiscriminating use of the search. The officers might be unable to show probable cause for searching any particular car. However, I should candidly strive hard to sustain such an action, executed fairly and in good faith, because it might be reasonable to subject travelers to that indignity if it was the only way to save a threatened life and detect a vicious crime. But I should not strain to sustain such a roadblock and universal search to salvage a few bottles of bourbon and to catch a bootlegger ’ ’.
2. PROBABLE FELONY ONLY, KNOWN TO POLICE BEFOBE ABEEST.
In a different category are the cases where the fact of felony is unknown to the police before arrest, but there is substantial information to believe that a felony in fact has been committed.
A pertinent general observation is that the courts require substantial proof directed toward the first prong, i.e., fact of felony and less substantial evidence to establish the second prong, i.e., the identity of the felon. Therefore, the greater the proof of the fact of felony, the less proof of the identity of the felon is required.
Stated factually, the cases hold for example where the police hear the sound of breaking glass or screams in the night or receive a report that there is a trespasser on the roof or on the fire escape of premises at a late hour, such information substantially indicates the fact of felony. If they stop someone running near the scene or emerging from the building or in the back yard of the building, a justifiable suspicion is established *275 that the person is the felon. An arrest and incidental search will be sustained.
At the other extreme is the fact situation where a reliable informer may inform the police that in a described house or certain neighborhood, narcotics are being sold. The fact of felony is only remotely established. In such a fact situation, the courts require proof of probable cause closely approximating the actual commission of the felony under the officer’s observation and in his presence.
In this category see the following recent cases: United States v. Mont (306 F. 2d 412); United States v. Sykes (305 F. 2d 172) ; Busby v. United States (296 F. 2d 328); Dixon v. United States (296 F. 2d 427); cf. Costello v. United States (298 F. 2d 99); Castillon v. United States (298 F. 2d 256).
In reading some of the Federal cases in this category, it should be noted that the Federal statutes do not contain the hyperfine distinctions between felonies and misdemeanors such as are found for example in our statutes defining the “ contraband ” crimes. (Penal Law, §§ 974-a, 1751, 1897.) The factors (number, weight, percentage content, loaded or unloaded, previous convictions) determining felony or misdemeanor status, are rarely known to the police before arrest. This compounds our difficulty in the State courts and creates some disparity of decision with the Federal courts as to when a search is reasonable or unreasonable.
3. PACT OP FELONY UNKNOWN TO POLICE AT TIME OP ARREST.
In this category are the cases where the police neither know the fact of felony nor have information of any nature to establish that a felony has been committed.
In this category, probable cause rests solely upon the observations of the police of the conduct of the arrestee to establish both prongs of probable cause, i.e., that a felony in fact was committed prior to their observation and that the person to be arrested committed it.
Most searches held unreasonable by the courts fall into this category. The cases indicate that the courts require substantially the same proof as is required to establish the commission of a crime in the officer’s presence. “ Substantially the same ” is the test because if in fact the crime is committed in the presence of the officers, probable cause is presumed as a matter of law (e.g., possession of narcotics, policy slips or weapons in open view).
*276 There are many cases in this category. Some in this jurisdiction are: People v. Piazza (15 A D 2d 503); People v. Brown (32 Misc 2d 846); People v. Cassone (35 Misc 2d 699); see, also, People v. Privett (55 Cal. 2d 698); cf. United States v. Sykes, 305 F. 2d 172, cert, pending).
Examples of cases falling in this category are fact situations where the police observe a person in the late hours carrying a bundle of furs or a quantity of clothing with labels affixed thereto or other goods obviously the product of a crime.
It is helpful to consider in this connection some of the decisions in which the courts held that a crime in fact was committed in the presence of the officer to distinguish such cases from those in the category under discussion: Martin v. United States (301 F. 2d 81); Monnette v. United States (299 F. 2d 847); State v. Smith (37 N. J. 481).
An interesting comparison may be made between People v. Moore (11 N Y 2d 271, supra) and Commonwealth v. Johnson (198 Pa. Super Ct. 51); State v. Del Vecchio, 182 A. 2d 402 [Conn.]; Allen v. State (229 Md. 253). Perhaps the eases in the out-of-State jurisdictions fall into category 3 above discussed rather than “ in the presence ” crimes.
In these three factual categories :
category one: Fact of felony known to police before arrest;
category two: Fact of probable felony only, known to police before arrest;
category three : Fact of felony unknown to police before arrest — all searches incidental to felony arrests will fall.
The fact pattern suggested follows the fact pattern in State felony arrest statutes. The conclusions of the courts, Federal and State, on issues of probable cause fall within this fact pattern.
While the suggested fact pattern does not with mathematical certainty resolve all issues of probable cause, it may be helpful to the trial courts and hopefully may avoid the inconsistencies which are now manifested in their factual determinations. While not an infallible guide, it is simple, practical and invariably leads to just results.
II.
DETENTION V. ARREST.
The issue may be summarized:
May the police by “ detention ” without probable cause obtain as a result of investigation during such detention, probable cause to make a formal arrest and a contemporaneous incidental search?
*277 This statement of the issue assumes two facts:
(1) There was no probable cause for the detention, for if probable cause existed before the detention, it does not matter whether the label applied is “detention” or “arrest”; the incidental search will be reasonable.
(2) No search was conducted or arrest made before probable cause was obtained, for it is an indispensable absolute that probable cause must precede the contemporaneous arrest and search and not result from the search. (McDonald v. United States, 335 U. S. 451; Johnson v. United States, 333 U. S. 10; People v. Moore, 11 N Y 2d 271, supra.)
Factually the issue most frequently arises when under suspicious circumstances not amounting to probable cause, the police stop the suspect and question him, or hold him while they investigate elsewhere, and as a result of admissions, or obviously false explanations, or investigation, obtain probable cause to make the subsequent formal felony arrest and the contemporaneous incidental search.
Of course if the observation, before or during detention, spells out the commission of a crime in the presence of the police officer, no problem exists. There is nothing unlawful about a police officer detaining and questioning. If during such detention, without any search, he observes the commission of a crime in his presence, e.g., the possession of contraband, he has statutory authority to arrest and to conduct an incidental search. Probable cause both to arrest and search is presumed under such circumstances. A police officer is not required to have abnormal eyesight or radar equipment. He may approach, detain and question. He may, however, neither arrest nor search before he has probable cause.
And, of course, if the fact of felony is known to him before the “ detention,” (category 1, supra) very little in the way of probable cause to justify arrest and search is required. The hour of the day, the presence near the crime, the furtive or suspicious conduct, such as attempting to avoid the police officer, the open possession of goods or merchandise which in appearance are likely to be the proceeds of the felony — all will furnish sufficient probable cause to arrest and search.
Thus, the factual circumstances under which an issue of ‘ ‘ detention vs. arrest ’ ’ will arise will be infrequent but the issue will be raised frequently to justify a palpably unreasonable search.
The legal issue is usually narrow. Was the “ detention ” in law an arrest without probable cause?
*278 Noted (supra),“ The Felony Arrest Statutes, ’ is the fact that the Federal arrest statutes require probable cause before arrest while our statute (Code Crim. Pro., § 177, subds. 2, 3) does not.
In the Federal jurisdiction inquiry is therefore directed toward whether probable cause preceded the arrest. Some cases are specific as to when the “ arrest ” occurs.
Henry v. United States (361 U. S. 98, 103) states: “ When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete. It is, therefore, necessary to determine whether at or before that time they had reasonable cause to believe a crime had been committed. The fact that afterwards contraband was discovered is not enough.” (Italics mine.)
In Rios v. United States (364 U. S. 253, 261-262) it is stated:
‘ ‘ Yet upon no possible view of the circumstances * * * could it be said that there existed probable cause for an arrest at the time the officers decided to alight from their car and approach the taxi in which the petitioner was riding. [Citing cases.] This the Government concedes.
1 ‘ If therefore, the arrest occurred when the officers took their position at the doors of the taxicab, then nothing that happened thereafter could make that arrest lawful ”. (Italics mine.)
In both the foregoing cases it was determined that the ‘ ‘ detention ” was in law an arrest without probable cause. (Rios, supra, was referred back to the lower courts for such finding.)
Brinegar v. United States (338 U. S. 160, supra) presents an interesting case history. Some evidence of probable cause existed before Brinegar’s auto was stopped. When asked what was in the car, Brinegar replied ‘ ‘ Whiskey. ’? The court below (165 F. 2d 512) found insufficient probable cause up to the point of the incriminating statement. However that court held (p. 515) “ that such statements, together with other facts known to the investigators, constituted probable cause for a search of the coupe ”. (Italics added.) The Supreme Court disregarding that finding completely, found that probable cause preceded the11 detention ’ ’ and the incriminating statement. It is unlikely that the Supreme Court would have struggled with that issue for 18 pages when it need merely to have pointed to the admission as furnishing probable cause for the arrest and search. Only Mr. Justice Bttbtoit in his concurring opinion (p. 178) states: “This interrogation quickly disclosed indisputable probable cause for the search and for the arrest.”
It is necessary to note however that the Government in Brine-gar conceded: ‘ ‘ And while we do not doubt that an officer may legitimately stop and question a pedestrian on suspicion not *279 amounting to probable cause, or may legitimately question the driver of a vehicle who has stopped of his own accord, we doubt that anything less than probable cause would justify the forcible stopping of a moving automobile.” (Brief for United States, p. 22.) The dissent in the court below (165 F. 2d 512, 516, 517) drew this same distinction citing Poulas v. United, States (95 F. 2d 412) and Jenkins v. United States (161 F. 2d 99). (See, also, Feguer v. United States, 302 F. 2d 214, 245; Busby v. United States, 296 F. 2d 328, supra; Weathersbee v. United States, 62 F. 2d 822; United States v. Jankowski, 28 F. 2d 800.)
The Federal cases have never with absolute precision decided that probable cause to arrest may be obtained as a result of “ detention or questioning” per se. Some recent cases avoid the specific issue. (See Cogdell v. United States, 307 F. 2d 176; Holloway v. United States, 301 F. 2d 514; Cutchlow v. United States, 301 F. 2d 295.)
Nor are the State court decisions precise or helpful in that regard. It has been noted that while probable cause as an indispensable absolute must precede the search, the State felony arrest statutes, unlike such Federal statutes, do not require probable cause to precede arrest.
The cases however, with the exception of the California case, People v. Brown (45 Cal. 2d 640, supra) under “ Felony Arrest Statutes,” pay no attention to this distinction. The decisions proceed on the practical and understandable viewpoint that since the arrest must be contemporaneous with the search, probable cause must also precede the arrest. Nor has any court justified ‘ ‘ detention ’ ’ before search on the basis of the State statutory arrest provision.
Some of the -pre-Mapp decisions in exclusionary States do, however, discuss the right of “ detention ” and “investigation.”
The State of Illinois was among the earliest to adopt the Federal exclusionary rule. In People v. Henneman (367 Ill. 151, 154 [1937]) the Supreme Court, after ruling that no probable cause existed for the arrest or the incidental search, added the dicta: ‘ ‘ That the officers had the right to stop and question the plaintiff in error and his companion cannot be doubted, and if there were disclosed by such questioning, facts which would tend to establish suspicion that plaintiff in error was engaged in or had been guilty of a crime, his arrest, made as a result of such belief on the part of the officers, would be a legal arrest and a search following such an arrest would not be an unreasonable search.”
In Henneman, the detainee, however, had remained silent and the search was held unreasonable,
*280 Another case where the issue is discussed, but rather obliquely, by the California District Court of Appeal in People v. West (144 Cal. App., 2d 214, 219) stated: “ There is of course nothing unreasonable in an officer questioning persons outdoors at night, and when a response to a reasonable inquiry elicited evidence that the defendant may have been guilty of a crime, especially where, as here, the officers had numerous reports of ‘ burglaries in the area, ’ the officers ’ conduct was not unreasonable. ’ ’ (Italics mine.)
In West, the defendant had been carrying a suspicious bundle of clothes over his arm at 9:30 p.m., in a business district. While the fact of felony was not known, probable felony was. (Category 2, supra.) He walked away when the police approached. He gave an obviously false explanation when questioned. He was taken to the police station. The burglary report, the fact of felony, was received as the officer was booking him. It is not clear from the opinion whether the court found probable cause before the detention and the opinion further complicates the issue by a finding of a “ consent ” search.
Similar qualifications are found in other California cases but throughout is the finding often repeated that there is ‘ nothing unreasonable in an officer questioning persons outdoors at night.” (Cf. People v. Brown, 45 Cal. 2d 640, supra, and People v. Simon, 45 Cal. 2d 645, with People v. Michael, 45 Cal. 2d 751 ; People v. Martin, 46 Cal. 2d 106; People v. Blodgett, 46 Cal. 2d 114; People v. Zavaleta, 182 Cal. App. 2d 422 [1960]; People v. Lewis, 187 Cal. App. 2d 373 [1960]; People v. Lucas, 180 Cal. App. 2d 723 [1960]; see, also, State v. Chronister, 353 P. 2d 493 [Okla.].)
What is obvious from the reading of all cases, State and Federal, is that none of the courts have given a clear-cut answer to the issue whether probable cause can be obtained as a result of ££ detention and investigation ” per se and before lawful arrest and search. Some cases find probable cause before detention; others find consent; others find the facts at the time of detention justified an arrest for a crime being committed in the officer’s presence. (See category 3, supra.)
The problem is further complicated by the detention statutes and the “ status ” offenses. (See Cogdell v. United States, 307 F. 2d 176, supra; United States v. Sykes, 305 F. 2d 172, 175, supra.)
The Uniform Arrest Act, section 2, in effect in many States (see Kuh, The Mapp Case One Year After ”, N. Y. L. J., Sept. 18, 19, 1962) permits under specified circumstances detention without arrest of suspicious persons for varying periods of *281 time. Such a statute was proposed in the 1962 Legislature. (See Ass. Int. No. 5129 Pr. No. 5880; Sen. Int. No. 3894 Pr. No. 4612.) We have statutes authorizing “ arrest ” for “ status ” offenses, e.g., vagrancy (Code Grim. Pro., §§ 887, 894) disorderly persons (Code Grim. Pro., § 899) and habitual criminals (Code Grim. Pro., § 887, subd. 10; § 898-a). The Model Penal Code suggests arrests for “loitering” or “prowling” (§ 250.12) under circumstances that warrant alarm for the safety of persons and property in the vicinity.
All of these statutes, insofar as they authorize either detention or arrest upon less than probable cause are no doubt constitutional. (Kavanagh v. Stenhouse, 174 A. 2d 560 [R. I.]; Cannon v. State, 168 A. 2d 108 [Del.].) We are not, however, here concerned with detention or arrest per se, whether authorized by statute or by decisional law. We are concerned with principles of search and seizure. While much in the way of dicta has been said concerning the Fourth Amendment’s protection against seizure of the person i.e., unlawful arrest per se (see Henry v. United States, 361 U. S. 98,100-101, supra; Giordenello v. United States, 357 U. S. 480, 485-486; Albrecht v. United States, 273 U. S. 1, 5; Cohen v. Norris, 300 F. 2d 24). (See, also, Mr. Justice Douglas “ Vagrancy and Arrest on Suspicion ” 70 Yale L. J. 1, 13, viz., “ The result is that arrests on ‘ suspicion ’ are unconstitutional at the local, as well as at the federal, level.”) No court, State or Federal, has ever considered or held that an illegal arrest per se violates the Fourth Amendment or due process, as well as does an illegal search. Nor has any such court held that a confession is invalid merely because it follows an illegal arrest per se. (See Balbo v. People, 80 N. Y. 484, supra; People v. Barbato, 254 N. Y. 170, supra; Wong Sun v. United States, 288 F. 2d 366; Dailey v. United States, 261 F. 2d 870; Davis v. State, 137 N. E. 2d 30 [Ind.]; Driver v. State, 201 Md. 25; People v. Ambrose, 155 Cal. App. 2d 513; Quan v. State, 185 Miss. 513.)
But the sole purpose served by detention statutes or statutes authorizing arrest for status crimes is to protect the police against civil liability if they made a mistake.
Most State and local police have always had authority, unrestricted by court decision or statute, to arrest with or without probable cause for a felony not committed in their presence. In making such an arrest they could, and indeed, always have detained, interrogated and investigated to their hearts ’ content (cf. McNabb-Mallary doctrine re confessions) before making formal arrest.
We must not lose sight of the fact that we are here however only concerned with “ detention vs. arrest ” as it affects the law *282 of search and seizure, i.e., the admissibility of the “ product ” of the search, to convict.
A fair distillation of all of the decisions, Federal and State, must lead to the logical conclusion that police do have the right, prior to a search, to detain, interrogate and even investigate. Police are not required to have abnormal eyesight or to possess infrared or radar equipment for seeing in the dark. They have duties of crime prevention and detection as well as apprehension. They may approach a suspect, observe him and his possessions at close range and conduct a brief and perfunctory interrogation and investigation.

But the right is severely restricted.

In the first instance, it may not be done indiscriminately and without any cause. It must be based on justifiable suspicion. It must- be outdoors and for a brief and perfunctory period sufficient only to confirm or allay suspicion. It need not necessarily be confined to the nighttime but obviously occurrences at night are much more likely to arouse justifiable suspicion.
The cases all turn on whether probable cause is thus obtained to make a lawful arrest and a reasonable incidental search. The issue is invariably when the arrest and search occurred. If detention or interrogation or investigation is unduly prolonged the arrest will be held to have occurred at the earliest period of the brief and perfunctory detention and the issue will usually turn on whether probable cause then existed to make the arrest and search.
Obviously probable cause must be determined on this issue as on others on an ad hoc basis. The rules and categories suggested under 1 ‘ Probable Cause,” (supra), will be equally applicable and determinative of the issue in this area.
Most of the cases in other States are decided on the basis of the commission of a crime in the presence of the officer. These State decisions are not quite as strict as our own in this regard. (Cf. People v. Moore, 11 N Y 2d 271, supra, with Allen v. State, 229 Md. 253, supra; State v. Del Vecchio, 182 A. 2d 402 [Conn.], supra; Commonwealth v. Johnson, 198 Pa., Super. Ct. 51, supra.) If after brief detention and perfunctory observation the police officers ascertain without a search that the detainee possesses contraband they may then arrest for a crime committed in their presence.
Of course, if the fact of felony is known to the police before the detention, broader discretion is given to the police officer to detain, interrogate and investigate to establish probable cause that the detainee committed it. (See category 1, supra.)
*283 If probable felony is established, the duration and nature of detention, interrogation and investigation permitted will be determined by the weight of the information as to probable felony which was known to the officer before detention. (See category 2, supra.)
If nothing is known to the police officer before detention, his right to detain, interrogate and investigate will be severely limited, must be brief and perfunctory, and must rest on ‘ ‘ substantially the same ” evidence as establishes the actual commission of a crime in his presence. (See category 3, supra.)
Brief detention does not, of course, include taking the detainee into actual custody in a police car or to a police station house or stopping an auto not violating the law. (People v. Lane, 10 N Y 2d 347.) Probable cause to arrest after detention must arise at the scene or within a reasonable area proximate to the scene of detention.
If broader exception to the Fourth Amendment is to be made, it must be made by the Legislature. But the statutory standards must not contravene the standards commanded by the Fourth Amendment via the due process clause that the indispensable absolute of probable cause must precede the search and that the search must be contemporaneous with a lawful arrest to fall outside the requirement of a search warrant.
With regard to possible statutory exception, a few words may not be amiss. Probably Trial Judges are best qualified to judge the necessity for such a detention statute and if we are qualified we are also obligated to express a viewpoint.
The purpose of the exclusionary rule is to deter invasions of the right of privacy by the police. The framers placed the right of privacy high on the list of constitutional government’s guarantees. They believed the citizen needed protection against law enforcers as well as lawbreakers.
Obviously only the “ successful ” searches come to the attention of the courts — only those in which the search and seizure yields evidence of guilt.
We do not Imow, nor can we estimate, how many “unsuccessful” searches occur each day — those in which the police “ guess ” incorrectly. There may be many; there may be few. These may be conducted with courtesy and consideration; these may be abusive and in consequence humiliating as well as violative of personal liberty. Most policemen, we have observed, are genuinely conscientious but, like all of us, they are zealous of success in their work and unmindful of competing considerations.
The police do not understand that courts can protect the innocent only by excluding evidence against those who almost *284 invariably are guilty. This disappoints, dissatisfies and antagonizes the police. Frankly, it also disturbs the trial courts.
But as experienced Judges, we often find consolation from the fact that the crimes involved are almost without exception, not only petty (see Mr. Justice Jackson’s comment in this same regard in McDonald v. United States, 335 U. S. 451, 459) but also by nature repetitive. The professional gambler must operate every day to stay in business. The narcotic addict must possess or sell each day to support his addiction. These will be lawfully arrested and convicted tomorrow if not today. More serious crimes rarely involve search and seizure issues.
The police see only the trees; our high courts see the forest and see great dangers to individual liberty lurking there.
How much greater that danger if the police are given indiscriminate statutory authority to detain persons in police stations for a period of hours while an investigation is conducted. We have observed some of the flagrant abuses in the confession area. (See Judge Fund’s concurring opinion in People v. Lane, 10 N Y 2d 347, 354-357.) We may expect that the police will push such authority to the limit. The “ unlawful ” detentions and “unsuccessful” searches which the courts never see and about which we can do nothing will multiply enormously.
Ours is an accusatorial not an inquisitorial system. When ambiguous situations arise the police may trail a suspect or pursue a suspected car and keep these under observation. Surveillance is never an arrest or search. If, later, the fact of felony becomes known, the police will usually have ample cause and opportunity to arrest and search.
In this court’s opinion, no substantial reason exists to establish statutory authority to detain. The judicial exception permitting brief and perfunctory detention sufficies to achieve a just balance between the rights of the citizen to privacy and the protection of the public against crime.
III.
The instant case falls within category 3 (supra). I find that the so-called detention was in law an arrest without probable cause. Nothing which the police officer observed justified suspicion of felony. No right of detention existed.
I find that the search occurred at the time of the detention and arrest when the luggage was placed in the police car. The indispensable absolute of probable cause to search was not then established.
*285 This police officer “ guessed ” and because of his special competency “ guessed ” correctly. It is no reflection upon him that a self-confessed felon is permitted to escape conviction. The competing considerations require that the guilty go free in order to preserve the rights of the innocent.
The product of the unreasonable search and the intangible product, the incriminating statement (People v. Rodriguez, 11 N Y 2d) are suppressed.