**YOST v. STATE.**
No. A–11993.

Criminal Court of Appeals of Oklahoma.
April 21, 1954.

Murphy & Booth, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Leon Samuel Yost was charged by information filed in the district court of Oklaho-

ma County on October 23, 1952, with the crime of illegal possession of narcotic drugs, after former conviction of a felony. A jury being waived, he was tried before the court, who found the defendant guilty and assessed the penalty at five years confinement in the State Penitentiary, and to pay the costs amounting to $75.05.

After the case was filed it was set for trial a number of times and continued, but was finally set for trial for the 14 day of January, 1953, and on the 7 day of January, 1953 there came on for hearing a motion to suppress filed by counsel for the defendant, but which motion does not appear in the record.

On hearing of the motion to suppress, the defendant called Bert Giddens, detective in the Oklahoma City Police Department, stolen goods division, who testified that on or about the 29 day of September, 1952 under authority of a search warrant he and another officer searched an apartment at 1011 N. E. 13th Street, Oklahoma City, for intoxicating liquor; that the warrant was served on one Wanda Pruitt, who lived in the apartment to be searched; that he found nine or ten people in the room; that some of them were "high" as if either under the influence of liquor or dope; that there were four or five known women prostitutes among those present, and all were persons with records for crime; that the defendant was resting on a bed; that as a precaution all were searched for weapons; that no liquor was found, but when the defendant Yost was searched they found 100 grains of morphine in the upper left hand pocket of his shirt. Witness stated that he had been looking for defendant for questioning in connection with the robbery of a drug store located at 36th and North Shartel, Oklahoma City, where narcotics had been obtained.

The court overruled the motion to suppress, to which defendant excepted; a jury was waived and the case came on for trial before the court on the 26 day of February, 1953. The evidence introduced at the trial is not contained in the casemade, a note by the reporter stating that it was left out at the request of counsel for the defendant. Suffice to say the minutes of the court clerk show that three witnesses were sworn and testified for the State.

The only ground advanced in petition in error for reversal is the action of the court in overruling the motion to suppress.

■ It has been noted that the search complained of was by authority of a search warrant. The individuals encountered were persons with criminal records. For their safety the officers searched the persons present in the apartment in question for weapons. It was complained at hearing that the officer could not expect to find a pistol in the shirt pocket. This may be true, but a knife, or some other weapon might have been found. Morphine tablets, a contraband, were found. While the search authorized was for intoxicating liquor, it was the duty of the officers to take possession of contraband of whatever nature. See Brinegar v. State, Okl.Cr., 262 P.2d 464 for a discussion as to the duty of an officer where contraband is discovered. There would be no difference in this duty whether the search was by reason of a valid search without a warrant, or a search under authority of a warrant.

■ The defendant was due to file a brief in this case on November 3, 1953, was granted two extentions, but failed to file a brief in the time granted. No one appeared when the case was set for oral argument in this court on February 3, 1954. Our only duty under such facts is to search the record for fundamental error, which has been done, and no fundamental error has been found. Pierce v. State, 89 Okl.Cr. 93, 205 P.2d 1171; Whitlow v. State, 85 Okl.Cr. 2, 184 P.2d 253; Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 212 P.2d 144, and cases cited.

The judgment appealed from is affirmed.

JONES and BRETT, JJ., concur.