J. Irwin Shapiro, J.
This is a motion by the defendant “ for an order to suppress evidence and to strike from the record and from the minutes of the Grand Jury, evidence seized in violation of defendant’s constitutional rights and for an order dismissing the indictment ”.
During the early morning hours of November 3, 1961, three separate burglaries of homes were committed, two in Forest Hills and one in Rego Park.
At about 4:30 a.m. on that day the police were given a description of the burglar. They immediately scoured the neighborhood and saw the defendant walking in the street. He fitted the description previously given to them.
The defendant in his moving papers says that he lives in Jackson Heights and that “ I met the arresting officers in this case on November 3, 1961, the day of my arrest in Queens County, City and State of New York. I was walking on the street, going to the subway, when I was stopped by the arresting officers ”. The defendant then says that immediately upon his detention in the street he was searched — a search which he says produced among other things “ a lady’s wrist watch ”.
The People’s version of the facts is that the police believing that the defendant was the one who had committed the three burglaries took him into custody, brought him back to the home of one of the complainants who then positively identified him as the burglar. It was then, say the police, that the defendant was searched.
Whichever version is accepted, the resulting decision on this motion is necessarily the same.
Prior to 1958, a police officer was legally entitled to make an arrest without a warrant for a crime not committed in his presence, if that crime were a felony and had actually been committed and if there were probable cause to believe that the defendant had committed that felony. That is no longer the law, for by the amendment to section 177 of the Code of Criminal Procedure (L. 1958, ch. 706) an arrest is now authorized by a police officer who has not witnessed the commission of a crime, if he has probable cause to believe that a felony has been committed and if he has probable cause to believe that the person arrested committed it.
*845 The distinction is obvious. Formerly, an arrest in such cases was proper only if a felony had in fact been committed. Now, an arrest is justified if there is merely probable cause to believe that it was committed.
If the arrest in this case was legally proper, the search of the defendant’s person made after the arrest did not violate any of his constitutional or statutory rights. (Lee v. United States, 232 F. 2d 354; Charles v. United States, 278 F. 2d 386; People v. Chiagles, 237 N. Y. 193; White v. United States, 271 F. 2d 829; Yost v. State, 269 Pac. 2d 794 [Okla.]).
As Judge Learned Hand stated it in United States v. Poller (43 F. 2d 911, 914): “ A man is certainly subject to some search of his premises upon his arrest ”.
It is obvious in this case that not only did the police have probable cause to believe that a felony had been committed, but that a felony had in fact been committed. From the identity of the defendant’s appearance with the description given to the police, the hour of the morning, and from all of the other attendant circumstances revealed by the record, it may fairly be concluded that the police had probable cause to believe that the defendant was the person who committed the felonies in question. His arrest thus being proper, the search of his person thereafter was also proper and he has no legal cause for complaint, nor any ground for suppressing the articles found upon his person.
This court, and we assume other courts of like jurisdiction, are being flooded with motions to suppress, all seeking to bring themselves within the scope of the determination in Mapp v. Ohio (367 U. S. 643).
There appears to be a general misunderstanding of the scope of that determination. Not all searches and seizures are outlawed thereby, but only “ searches and seizures in violation of the Constitution ” of the United States. (Mapp v. Ohio, supra, p. 655.)
The Fourth Amendment of the United States Constitution outlaws “ unreasonable searches ”, not all searches. A search may be unreasonable under one set of circumstances and perfectly reasonable under another. There are general searches, there are incidental searches of fixed premises, there are exploratory searches, there are searches in automobiles, there are searches incidental to a lawful arrest and various other kinds of searches, some of which may be legally and constitutionally made without a warrant, and others which are proscribed by the United States Constitution or by statute.
*846 Motions to suppress should not be made pro forma merely because there has been a search and a seizure. Ascertainment should be sought as to whether under the circumstances of the particular case the search and seizure is one proscribed by law. Judge Nathan R. Sobel of the County Court of Kings County has written a most comprehensive and erudite article on the law of search and seizure which appeared as an editorial in seven issues of the New York Law Journal. (Dec. 26-29,1961; Jan. 2-4,1962.)
Counsel, generally, would do well to carefully read that review of the law, for Judge Sobel has there very ably collated almost everything that has been written on the subject and in addition has in a very interesting and learned fashion set forth his opinion of what view the New York courts should take on the problems of search and seizure as they unfold themselves.
One further word in this case may not be amiss. Even if the motion to suppress in this case were to be granted, it would not result in a dismissal of the indictment, for the People through the medium of the complainants and their identification of the defendant, have ample proof to go to a jury on the charges contained in the indictment in this case. The motion is in all respects denied.