J. Ibwih" Shapiro, J.
This is a motion by the defendant ‘1 for an order declaring unreasonable, illegal and void, the search made in the above-entitled action, and precluding the District Attorney of the County of Queens from using the evidence so obtained upon the trial or any other proceeding ”.
The affidavit in support of the motion is that of the attorney who merely paraphrases the testimony in the Magistrates’ Court. In opposition to the motion the District Attorney submits a transcript of the testimony taken in that court.
The defendant was held for the Grand Jury by the Magistrate and he is now awaiting the action of that body.
Upon the argument of the motion, and in answer to the court’s query, the defendant asserted, and the District Attorney agreed, that this court had jurisdiction in the premises although the Grand Jury had not yet acted and despite the fact that, except for this motion, this defendant was not jurisdictionally before this Court. '
I am therefore proceeding, without research into the question, on the assumption that I have jurisdiction.*
There are two questions involved on this motion,— one, the seizure in the street, and the other the search of the defendant’s home.
The minutes reveal that as a result of confidential information which they had about him, police from the narcotics squad stationed themselves near the defendant’s home about 6 o’clock in the evening and waited for him to arrive, which he did, about 3 o’clock the next morning. As one of the police officers approached the defendant, who was then seated in an automobile, the latter “ reached into his pocket and dropped to the ground a glassine envelope which contained a whiteish *25 powder ”; that the police officer “ realized that it was heroin ’ ’ and he thereupon (after the defendant tried to escape) ie placed him under arrest ’
It is clear that the glassine envelope and the contents thereof should not be suppressed as evidence. Even if it be held that the police officer did not know that a felony was being committed in his presence by the defendant because he did not at that time know, as a fact, that the powder was heroin, he certainly (by reason of all the attendant circumstances) had reasonable cause to believe that a felony was then being committed by the defendant. That was sufficient to warrant the defendant’s arrest (Code Crim. Pro., § 177; People v. Ward, 32 Misc 2d 843), and also a search of his person, if the latter were deemed necessary (Charles v. United States, 278 F. 2d 386; Lee v. United States, 232 F. 2d 354; White v. United States, 271 F. 2d 829; United States v. Poller, 43 F. 2d 91; People v. Chiagles, 237 N. Y. 193; Yost v. State, 269 P. 2d 794 [Okla.]).
Crediting the testimony of the police officer, however, and that is the only testimony on the subject before the court, a search of the defendant’s person was not necessary because he threw away the contraband in question so that all the police officer had to do was to pick it up from the ground. There is therefore no basis for a suppression of the glassine envelope and its contents.
The second phase of the motion deals with the heroin found in defendant’s house. The police officer testified that, after the defendant admitted that the glassine envelope contained heroin, the following took place:
I then asked the defendant where he lived. He pointed to the front. We were approximately a little bit to the side. He said, “ I live right here.” I asked the defendant if he had the keys. He says yes. I said, is it your apartment. He said yes. Then I asked him if he had any more heroin inside. He said no. He said, “ come in. You can look.” We then went into the apartment.
Q. And what did you find in the apartment? A. After conducting a search in the apartment, in a kitchen closet, a closet in the kitchen, on the floor, we found an additional 14 glassine envelopes each containing a whiteish powder. I found a large plastic bag which contained the whiteish powder and various empty bags.
The right to be protected against unlawful search and seizure and to be secure in one’s home is guaranteed by the Fourth Amendment of the Constitution of the United States. It is a basic right of every person to be protected against the invasion of the constitutional rights thus guaranteed to him and since the ‘ ‘1 courts indulge every reasonable presumption against waiver ’ of fundamental constitutional rights” (Johnson v. Zerbst, 304 U. S. 458) it has been held that the showing of con *26 sent, which will make an otherwise unreasonable search proper and reasonable, is a burden to be sustained by the People by clear and positive evidence. (Channel v. United States, 285 F. 2d 217; Amos v. United States, 255 U. S. 313; Rigby v. United States, 247 F. 2d 584; Judd v. United States, 190 F. 2d 649; Nueslein v. District of Columbia, 115 F. 2d 690, 694; People v. Zeigler, 358 Mich. 355.)
Whether consent to a search was voluntarily given without coercion by the police, or whether there was merely a submission to their alleged authority, depends upon the fact pattern in each ease, and if there is a hearing, of the court’s judgment of the credibility of the witnesses. (United States v. Dornblut, 261 F. 2d 949; United States v. Mitchell, 322 U. S. 65; People v. Lujan, 141 Cal. App. 2d 143.)
Here, the motion has been submitted to this court solely upon the testimony of the police officer in the Magistrates’ Court. The defendant has failed to contradict the police officer’s testimony that consent to the entry into the defendant’s home (and the ensuing search thereof) was completely voluntary although he could have done so by affidavit on this pretrial motion to suppress. Having failed to do so, the court is justified in finding consent on his part to the entry and search. (People v. Michael, 45 Cal. 2d 751.)
A hearing on a motion to suppress is not granted as a matter of course. Even though the ultimate burden of proof to establish consent to the entry and search may he upon the People, the burden of coming forward to raise the issue is upon a defendant. He does not create a factual issue requiring a hearing when he relies upon the self-defeating testimony of the police without any contradictory affidavit by himself.
Under the circumstances, the testimony of the police officer standing unrebutted, there is no reason for not giving it full force and effect. The motion to suppress and to preclude the District Attorney from using the articles in question as evidence upon the trial or before the Grand Jury is in all respects denied.

 There is presently pending before the Legislature an act to amend the Code of Criminal Procedure, in realtion to return of property and suppression 'of evidence obtained as a result of unlawful search and seizure, which if passed will be titled 2-B (Code Grim. Pro., §§ 813-c, 813-d, 813-e) and which will take care of this situation by providing (§ 813-e) that “If the defendant has been held by a Magistrate to answer a charge in any court, the motion shall be made in the court having trial jurisdiction of such indictment, information, complaint or charge”.