THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERNARD
MIRASOLA and ANGELO MIRASOLA, Defendants.

Court of General Sessions of the County of New York, June 12, 1962.

*James J. Hanrahan* for defendants. *Frank S. Hogan, District Attorney* (*Edward M. Davidowitz* of counsel), for plaintiff.

IRWIN D. DAVIDSON, J. The defendants in three motions seek three separate and distinct forms of relief. The first motion is a demurrer to the indictment. The second motion is for an order permitting an inspection of the Grand Jury minutes or, in the alternative, a dismissal of the indictment. And the third motion is for an order suppressing evidence seized allegedly as the result of an illegal search and seizure.

The defendants have been indicted charged with two crimes. One, criminally buying and receiving stolen property as a felony; and two, criminally concealing and withholding stolen and wrongfully acquired property as felony.

The defendants' demurrer to the indictment is disallowed. There has been a complete failure on the part of the defendants to show that the indictment is in any manner deficient or defective. The indictment conforms substantially to the requirements of sections 275, 276, 278 and 279 of the Code of Criminal Procedure.

An inspection of the Grand Jury minutes shows that the testimony before the Grand Jury, if uncontradicted or unexplained,

would warrant a conviction by a trial jury. Under the circumstances, the defendants' motion to inspect the Grand Jury minutes or, in the alternative, to dismiss the indictment is denied.

The defendants' third motion for an order to suppress evidence seized allegedly as a result of an illegal search and seizure is supported only by the affidavit of the attorney for the defendants. That affidavit sets forth no facts which put in issue the question of whether the police seized property as a result of an illegal search. The defendants' attorney contents himself with making the unfounded statement: " Concededly the police had no color of authority to enter the home of Bernard Mirasola who lived in a different county than the one in which he was under interrogation ".

The burden is upon a defendant who claims that property was seized by the police allegedly as the result of an illegal search to initially put that fact in issue. This he can only do upon the defendants' own affidavit (*People* v. *Cangione*, 33 Misc 2d 23). A hearing on a motion to suppress should not be granted as a matter of course. It should only be ordered where an issue of fact is created by the moving papers. Once that issue has been posed, it is true that the burden of proof of establishing the legality of the seizure would devolve upon the People. Under the circumstances, since the defendants have failed to raise the issue which would require a hearing respecting the alleged illegal search and seizure, no hearing will be ordered.

The defendants' attorney's affidavit contains references to legal citations and legal arguments. This practice is improper and is disapproved (*Taylor* v. *African M. E. Church*, 265 App. Div. 858). An affidavit should set forth the factual picture by a person who knows the facts. If a legal argument is offered, that should be incorporated in a memorandum of law and submitted to the court as a legal argument. The defendants' motion to suppress the evidence allegedly illegally seized is in all respects denied.