J. Irwin Shapiro, J.
This is a motion by the defendant based solely upon the affidavit of his assigned counsel for an order granting suppression of a gun.
Counsel’s affidavit states: “ This defendant was represented by retained counsel in the Criminal Court and at the time he was indicted. We were not assigned to represent bim until January 27, 1965. This ease is now on the reserve calendar of Part V. In preparing the case for trial, the defendant told me for the first time that he was searched before his arrest and found to have a gun in his pocket. At the time he was searched, the police officers had no search warrant, no warrant of arrest; nor did they have probable cause to believe that this defendant had committed a felony. It is this gun which this defendant seeks to suppress.”
The practice on applications for suppression has been for the District Attorney to consent to a hearing where the moving papers are evidentially sufficient to raise an issue of fact for court determination. He opposes this application solely on the ground that “ a hearing on a motion to suppress is not granted as a matter of course ” People v. Cangione (33 Misc 2d 23, 26) and that the affidavit of an attorney, who has no knowledge of the facts, cannot create an issue sufficient to warrant the ordering of a hearing.
In People v. Lombardi (18 A D 2d 177, affd. 18 N Y 2d 1014) and again in People v. Entrialgo (19 A D 2d 509, affd. 14 N Y 2d 733), the Appellate Division unequivocally stated that the *740 burden of proof to warrant a suppression (except in cases where entry was claimed to have been obtained by waiver or consent) was upon the defendant.
In Lombardi the Appellate Division said (pp. 180-181): “ Since the motion to suppress is relatively novel in our practice, having its origin as a result of Mapp v. Ohio (367 U. S. 643), we think it appropriate to delineate the procedure which should be pursued in the consideration of such a motion * * *.
Ordinarily, the burden of proof rests on the defendant to sustain the claim of illegal search and seizure upon a motion to suppress (Nardone v. United States, 308 U. S. 338; United States v. O’Leary, 201 F. Supp. 926, 928).”
In a footnote to the quotation above set forth the court said: ‘ An exception to this rule exists when the prosecution contends that the search was made following consent or waiver by the defendant (Channel v. United States, 285 F. 2d 217, 219-220 [9th Cir.]; United States v. Rutheiser, 203 F. Supp. 891, 892); the burden of proof of such consent or waiver lies on the prosecution.”
A new suppression hearing was thereupon ordered to be conducted ‘ ‘ in accordance with this opinion. ’ ’ 'The unanimous affirmance in the Court of Appeals was without opinion.
After Lombardi came Entrialgo, in which the .Criminal Term of the Supreme Court granted suppression on the ground among others that the People had failed to sustain the burden of establishing the propriety of the search and seizure. In reversing and ordering a new hearing the Appellate Division said (pp. 510-hll): “ At the hearing the court also stated that the burden of proof on the issue of unreasonable search and seizure was upon the People. The rule is to the contrary; i.e.: on a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure (People v. Lombardi, 18 A D 2d 177,181, affd. 13 N Y 2d 1014).”
Again the Court of Appeals affirmed without opinion (Fuld, J. dissenting). Thus in both Lombardi and Entrialgo a new hearing was ordered with the burden of establishing the right to the claimed suppression being placed upon the defendant. Ordinarily a no-opinion affirmance by the Court of Appeals merely indicates its approval of the result reached by the Appellate Division and not necessarily its concurrence with the language or the reasoning of the opinion below (People ex rel. Palmer v. Travis, 223 N. Y. 150,156; Rogers v, Decker, 131 N. Y. 490, 493), However, in both Lombardi and Entrialgo, the Court of Appeals, by its affirmance, approved the order of the Appellate Division which placed the burden of proof at the new hearing *741 upon the defendant. It is inconceivable that under such circumstances the Court of Appeals would have affirmed the direction for a new hearing knowing that thereat, perforce the determination of the Appellate Division, the burden of proof would be placed upon the defendant unless by its affirmance it meant not only to approve the direction for a new hearing, but also the manner in which that hearing was to be conducted. The principal issue litigated in the Appellate Division was the question of the burden of proof and it has been held that in such a case a no-opinion affirmance ‘1 does constitute an approval of the determination made of essential issues.” (People ex rel. Lozzi v. Fay, 6 A D 2d 18, 21.) To believe that the Court of Appeals when it affirmed the determination in Lombardi and Entrialgo authorized the new hearings to be conducted upon a theory erroneously enunciated by the Appellate Division as to where the burden of proof was, would necessitate a finding that the court was permitting an exercise in futility.
Furthermore, in the briefs submitted to the Court of Appeals in Entrialgo the burden of proof question was explicitly raised and explored by both sides. Point IY of the District Attorney’s brief is headed “ On a Motion to Suppress, the Defendant Pías the Burden of Proving Unreasonable Search and Seizure. ’ ’ The defendant in an effort to obtain the reinstatement of the suppression ordered by the Criminal Term, had a special point in his brief, (Point II) headed “The Appellate Division Erred in Holding that the Trial Court Erroneously Stated the Burden of Proof.”
Despite the foregoing, we now find that what was believed to be a clear-cut and definitive determination of where the burden of proof is in suppression hearings was a misconception, and that the law is in fact directly contrary to the holdings in Lombardi and Entrialgo (People v. Malinshy, 15 N Y 2d 86). When Malinsky was before me, I directed a ¡suppression hearing “ solely for the purpose of determining whether the search and seizure were made as an incident to a lawful arrest ” (36 Misc 2d 204, 207) and subsequently, as a trier of the facts, I found the defendants guilty. However, the suppression hearing, preceding the trial, was conducted by another Justice. The Appellate Division affirmed when Malinsky came before it. (20 A D 2d 672.)
However, the Court of Appeals withheld determination of the principal appeal and remitted the case to the hearing court11 for a further hearing on the motion to suppress,” (p. 96) on the ground that the “judge presiding at the second hearing [the suppression hearing] committed error when he ruled, first, that *742 the prosecution was not required to disclose the identity of the police informer, and, second, that the defendants were not entitled to inspect the notes made by Sullivan” [the police officer] (p. 90).
Nowhere in the body of the Malinshy opinion is there any indication or even intimation that the court had decided to change its apparent indorsement of the rule laid down in Lombardi and Entrialgo that “on a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and seizure.” However, in a footnote referring to the new hearing being ordered (n. 2), the following appears: “The People have the burden of showing probable cause both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to arrest. (See People v. Gary, 14 N Y 2d 730, cert. den. 379 U. S. 937; see, also, Wong Sun v. United States, 371 U. S. 471, 479-480; United States v. Rivera, 321 F. 2d 704, 708; Cervantes v. United States, 263 F. 2d 800, 805.) ”
For present purposes, since no search warrant is involved, the footnote, so far as here applicable, determines that “ the People have the burden of showing probable cause * * * in sustaining the legality of a search made, without a warrant, as incident to arrest.”
The only New York case cited as authority for that statement is People v. Gary (14 N Y 2d 730, cert. den. 379 H. S. 937). With great deference and utmost humility, I submit that the Gary case is not an authority for the newly enunciated rule. I tried the Gary case and, in the course of a voir dire suppression hearing held during the trial, (the case was tried before the adoption of the suppression statute, but after Mapp v. Ohio, 367 U. S. 643), counsel for the defendant urged that the police officer was “no more worthy of belief than Mr. Gary” the defendant. When I pointed out that a so-called disinterested witness put on the witness stand by defendant, sustained the police officer’s version of the search, counsel responded by saying that ‘ ‘ he doesn’t appear to be any more worthy of belief than anyone else in the situation.” I then said, “If that’s the case, since you have the burden of proof, you have failed”. Thereafter, in finally passing on the motion, I said: “ Let the record show that I am not determining the motion on the basis of the burden of proof being on the defendants because, irrespective of what the burden of proof would be under the facts in this case, I would deny the motion because I feel that even if the People would have the burden I would have sustained the burden of establishing the valid arrest. In connection with a valid arrest a search may be made. ’ ’
*743 The Gary trial antedated People v. Lombardi, which mandated the making of findings of fact or the rendition of an opinion in suppression cases. Accordingly the Appellate Division in its affirmance of Gary said (20 A D 2d 550): “ The x 'otions to suppress evidence were denied without a statement of the facts or an opinion, as required in People v. Lombardi (18 A D 2d 177). We believe the practice enunciated in Lombardi should be followed in all applications decided by the trial court subsequent to the decision in that case. In the instant case, however, the decision on the motions, and indeed the judgment of conviction, preceded the decision in Lombardi by some 14 or 12 months-respectively. We therefore deemed it appropriate ourselves to undertake an examination of the record of the hearing on the motions rather than to remit the motions for findings or an opinion. Our examination discloses that the evidence amply supported the Trial Justice’s conclusions on the motions, namely: that the arrests were lawful and that the seizure as an incident thereto was also lawful ” (emphasis supplied).
Thus, while the Appellate Division made an independent examination of the testimony adduced at the voir dire hearing, it sustained my conclusion ‘ ‘ that the evidence amply supported the Trial Justice’s conclusion on the motions ’ ’. In this connection it should be remembered that I did not determine that the burden of proof was upon the People, but gave every indication that the contrary was the fact. My determination which was affirmed by the Appellate Division (20 A D 2d 550) was in turn affirmed by the Court of Appeals without opinion. Thereafter certiorari was denied (379 U. S. 937). In the Court of Appeals the District Attorney predicated his successful plea for affirmance by contending in Point I of his brief that “ the defendants, who had the burden of proof on their motion to suppress evidence, failed to show that the exhibits were the fruits of an illegal search and seizure. The arrest was lawful, the seizure did not contravene the Federal Fourth Amendment. ’ ’
Thus, nowhere in the Gary case is there any holding (or even any contention) that the burden of proof on suppression applications is upon the People, but the contrary is rather the fact. The other three cases cited in the Malinsky footnote are Federal cases and, whatever their holdings, since the determination of who has the burden of proof on a motion is a purely procedural matter, Federal cases are not controlling. It should be pointed out, though, that in Jones v. United States (362 U. S. 257, 261), the United States Supreme Court laid down the same rule as is found in Lombardi and Entrialgo, for it said: “ Ordinarily, then, it is entirely proper to require of one who seeks to challenge the *744 legality of a search as the basis for suppressing relevant evidence that lie allege, and if the allegation 'be disputed that he establish, that he himself was the victim of the invasion of privacy.” (Emphasis supplied.)
While it is true that the determination in the Jones case was based in part upon subdivision (e) of rule 41 of the Federal Buies of Criminal Procedure, the same conclusion was reached before the adoption of that rule in Nardone v. United States (308 U. ’S. 338, 341-342) where the court said: “ The burden is of course on the accused in the first instance to prove to the trial 'court’s satisfaction that wire-tapping was unlawfully employed. * * * Therefore claims that taint attaches to any portion of the Government’s case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government’s possession before its submission to the jury.” (Emphasis supplied.) (See, also, in this connection the following Federal cases: Watson v. United States, 249 F. 2d 106; United States v. Lustig, 163 F. 2d 85; United States v. O’Leary, 201 F. Supp. 926, 928, 929; United States v. Lipshitz, 132 F. Supp. 519 and United States v. Profaci, 124 F. Supp. 141.)
The very wording of the applicable statute (Code Crim. Pro., §§ 813-c, 813-d) also seems to make clear the intent to place the burden of proof on the defendant for it specifies conditions precedent to the defendant’s right to move to suppress, thus furnishing internal indicia that the burden of satisfying the court that the evidence was unlawfully obtained is upon the defendant. It would seem that none of the limitations thus placed on the defendant would be necessary if the People had the burden of proving the legality of the search.
It follows from what has been said that if it were not for the footnote in Malinsky, the position of the District Attorney that the moving papers here are insufficient to warrant the ordering of a hearing would be sustained. If, however, on a suppression hearing the People must sustain the burden of establishing that a suppression should not be ordered, it would seem to follow as a logical consequence that a defendant need not make any preliminary showing of merit in order to obtain such a hearing. Common sense would then seem to dictate the conclusion that he may call upon the District Attorney to sustain his burden of proof upon a hearing by the mere service of a notice of motion.
Since the 32-word footnote in the Malinsky decision must be deemed to be the latest expression of the law and to effect an evisceration of the prior holdings in Lombardi and Entrialgo, I am reluctantly compelled to conclude that a defendant may now *745 move to suppress, without any supporting affidavit, if the notice of motion specifies what it is that is sought to be suppressed.
In view of the foregoing, I hold that the moving papers in this case, which seek a suppression hearing and which specify the item of evidence sought to be suppressed, are sufficient to warrant the ordering of a hearing. In that hearing, unless I have misapprehended the meaning of the Malinsky footnote, the burden of proof will be upon the People.
The motion is therefore granted to the extent of ordering a hearing which is to be held in Part I of the Criminal Term of this court on March 24, 1965.