■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADRIAN F. MASON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERWIN SALZER, Appellant.— Appeals by defendants from judgments of the County Court, Suffolk County, entered November 5, 1964 after a jury trial, convicting them of conspiracy to commit extortion, attempted extortion and attempted grand larceny in the first degree, and imposing sentence. Judgments reversed on the law and the facts; indictment against both defendants dismissed; and fines directed to be remitted. In our opinion, defendants' guilt was not established beyond a reasonable doubt. We are also of the opinion that, if the judgments were not reversed and the indictment dismissed on the ground stated, reversal and a new trial would be required in the interests of justice because of error in charging, in effect, at the request of the prosecutor, that conspiracy could be established solely by proof of overt acts not alleged in the indictment (cf. *People* v. *Hines*, 284 N. Y. 93, 113–114; Code Crim. Pro., § 398). Ughetta, Brennan, Hill and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the judgments, with the following memorandum: There was more than sufficient evidence to raise a question of fact as to the guilt of both defendants. The taped conversation of February 12 or 13, 1962, between Salzer and Dagher was sufficient, under the unusual circumstances of this case, to sustain the conviction. Dagher's low bid in November, 1961 was rejected by the Suffolk County Water Authority because his firm (a) had insufficient equipment; (b) had insufficient experience in public highway work; and (c) had submitted an unaudited balance sheet. Testimony that, after a meeting between Dagher and defendant Mason, arranged by defendant Salzer, the same Water Authority approved a contract, dated February 1, 1962, with Dagher's firm, and that such approval was given less than three months after Dagher's low bid had been rejected, with full knowledge that Dagher had the same equipment, the same lack of experience, and the same unaudited balance sheet, gave substance to the evidence with respect to the commission of the crimes charged in the indictment.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR MERCADO, RICHARD SKINNER and GEORGE NEGRON, Appellants.— Appeal by each defendant from a judgment of the Supreme Court, Queens County, entered March 28, 1963 on his plea of guilty, convicting him of attempted burglary in the third degree, and imposing sentence. As to each defendant, judgment affirmed. The defendants' motion to suppress evidence was properly denied (cf. *People* v. *Rivera*, 14 N Y 2d 441, 444–445; *People* v. *Entrialgo*, 19 A D 2d 509, 511, affd. 14 N Y 2d 733; *United States* v. *Vita*, 294 F. 2d 524, 530, cert. den. 369 U. S. 823; *People* v. *Wulffen*, 23 A D 2d 875). In our opinion, under the decisional law of this State, it may not properly be held that, on a motion to suppress evidence, the burden of proof is on the People (cf. *People* v. *Allen*, 45 Misc 2d 739; *People* v. *Malinsky*, 15 N Y 2d 86 — compare the footnote No. 2 in the official bound volume with the footnote in the official advance sheet dated Feb. 10, 1965). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.