Bernard Tomson, J.
This is a motion to suppress evidence discovered upon an unauthorized search following an arrest which the defendant urges was unlawful. At the hearing the People relied to some extent on “ police reports,” the reliability of which was not attacked. There is thus presented another nuance in the application of the rule last set forth in People v. Malinsky (15 N Y 2d 86, 91). There it was stated: “ A search, not authorized by consent or a search warrant, is deemed reasonable only if conducted as ‘ incident to a lawful arrest ’ (People v. Loria, 10 N Y 2d 368, 373; see, also, Beck v. Ohio, 379 U. S. 89; Rios v. United States, 364 U. S. 253, 261-262; Henry v. United States, 361 U. S. 98, 100), and to effect such an arrest the arresting officers must have 1 reasonable cause for believing ’ that a crime has been committed and that the person arrested is the party responsible (Code Crim. Pro., § 177).2 As this court expressly recognized in People v. Coffey (12 N Y 2d 443, 452, cert. den. 376 U. S. 916), such reasonable cause may be provided by the communications received from an informer, as long as the information related is substantiated ' either [by] the informer’s own character and reputation or [by] the separate, objective checking of the tale he tells.’ (See, also, Beck v. Ohio, 379 U. S. 89, supra.) In our judgment, the testimony of the police officers as to their observations, when taken together and in conjunction with the information which Sullivan declared he received from a reliable informer, establishes the *131 requisite reasonable or probable cause. (Cf. Draper v. United States, 358 U. S. 307; People v. Marshall, 13 N Y 2d 28, 33-35; People v. Santiago, 13 N Y 2d 326; People v. Gary, 14 N Y 2d 730, cert. den. 379 U. S. 937.) ”
Following the reference to (Code Crim. Pro., § 177), there is appended the important footnote: “2. The People, in order to prevail, are under the necessity of going forward in the first instance with evidence to show that probable cause existed both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest. (See People v. Gary, 14 N Y 2d 730, cert. den. 379 U. S. 937; see, also, Wong Sun v. United States, 371 U. S. 471, 479-480; United States v. Rivera, 321 F. 2d 704, 708; Cervantes v. United States, 263 F. 2d 800, 805.) ” (Emphasis supplied.)
It is significant that in the unrevised opinion the footnote read: “ 2. The People have the burden of showing probable cause both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest.” (Emphasis supplied.)
The testimony at the instant hearing, without contradiction of any substance, was to the effect that the defendant was observed operating an automobile in which there was a passenger Diminiei, who was known to Detective Golden as a narcotics addict. (Hearsay is admissible on a motion to suppress. People v. Loria, 10 N Y 2d 368.) The defendant’s car was followed to Lawrence High School where Diminiei was observed leaving the car and going into the high school from which he emerged sometime later.
Police officers who had been following the automobile knew that neither of the occupants of the automobile were students at Lawrence High School and also knew that there had been police reports concerning the sale by Diminiei of marijuana at the high school.
The car was then followed to the home of Brancia who was described in the testimony as an addict. There is testimony further that the police officers knew Brancia’s house as a place in which narcotics were sold. There the defendant and Diminiei met Hoffman who was described by the witnesses as an addict. The defendant, Diminiei and Hoffman were observed going into the Brancia house. The car was stopped by the police officers and the defendant was then immediately placed under arrest. Neither Diminiei nor Hoffman was arrested.
The defendant and the car were searched, marijuana was uncovered in the car and the defendant admitted ownership of the contraband.
*132 The precise question involved is whether the search was illegal and whether the marijuana uncovered by the search should be suppressed. If the arrest was lawful, then the resultant search and seizure was valid since it then would have been incidental to a lawful arrest. On the other hand, if the arrest was unlawful, the evidence obtained as a result of the search must be suppressed. (Mapp v. Ohio, 367 U. S. 643; People v. Cassone, 20 A D 2d 118; People v. Piazza, 15 A D 2d 503; People v. Caliente, 12 N Y 2d 89; People v. Loria, 10 N Y 2d 368; Byars v. United States, 273 U. S. 28, 29; Henry v. United States, 361 U. S. 98, 104; United States v. Di Re, 332 U. S. 581, 595.)
The question then is was the arrest of Rodolitz in this case lawful? Section 177 of the Code of Criminal Procedure sets forth the circumstances under which a peace officer may make an arrest without a warrant. It provides: “A peace officer may, without a warrant, arrest a person.
“ 1. For a crime, committed or attempted in his presence, or where a police officer * * * has reasonable grounds for believing that a crime is being committed in his presence. * * *
‘ ‘ 4. When he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward appear that no felony has been committed, or, if committed, that the person arrested did not commit it. ’ ’
The Court of Appeals in People v. Coffey (12 N Y 2d 443, 451) in defining “reasonable” or “probable cause ” stated: ‘ ‘ Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as will justify him in arresting without a warrant.”
(See, also, Brinegar v. United States (338 U. S. 160, 175; People v. Cassone, 20 A D 2d 118.)
The difficulty here is in the application of the definition of “probable cause” or “reasonable cause” to the particular fact situation. (Cf. People v. Ward, 32 Misc 2d 843; People v. Piazza, 15 A D 2d 503, supra; People v. Coffey, 12 N Y 2d 443, supra; People v. Teams, 20 A D 2d 803; People v. Cassone, 20 A D 2d 118, supra; People v. Estrialgo, 37 Misc 2d 264.)
Were the police officers here merely indulging in a suspicion, as in People v. Piazza (supra) or was there reasonable cause, as in People v. Coffey (supra)? The testimony here would appear to fall somewhere between the two fact situations described in the cases just cited. No one of the suspicious acts *133 here by itself would have justified the arrest; taken together, however, they add up to reasonable cause, and it is here so found.
The requirement stated in Malinsky (15 N Y 2d 86, 91, supra) that the information must have been obtained from an informer whose character and reputation is substantiated or whose information has been separately and objectively checked should be considered in connection with the footnote which, though it places the burden of initially going forward on the People, would, by implication, place the burden of persuasion on the defendant. Since the “ police reports ” were not attacked, in the absence of any indication that would affect their reliability, it would follow that the defendant did not rely on the necessity for further proof to substantiate the reports. Unlike the situation in the Malinshy case, the defendant here made no attempt to question the People’s witnesses as to the source of the police reports, the informer’s identity, his background, or source of knowledge. Summarized then, it would appear that since no issue was raised by the defendant as to the reliability of the information received from the police reports, it may be assumed that the information met the test as recited in Malinsky (supra).
Stress was placed by the defendant on the fact that the known addicts in the car were not arrested but that the defendant, who was not known to be such, was. This does not appear on this motion to be of any significance. The arrest of the other occupants of the car would also have been legal. The fact that they were not arrested does not invalidate the arrest of the defendant. Note also that if the arresting officer had reasonable grounds to believe that there were in the automobile enough narcotics to meet the requirements of subdivision 2 of section 1751 of the Penal Law, he would have reasonable grounds to believe that each occupant was in possession of the contraband. “ The presence in an automobile, other than a public omnibus, of any narcotic drug, in an amount equal to or in excess of that which is set forth in subdivision two of this section, and which under the provisions thereof would be presumptive evidence of its possession with intent to sell, shall be presumptive evidence of its possession and control, knowingly, in violation of section thirty-three hundred five or any other section of article thirty-three of the public health law by each and every person found in such automobile at the time such narcotic drug is found.” (Penal Law, § 1751, subd. 4.) The motion to suppress is denied.