Bernard Tomson, J.
On this motion to reargue (see People v. Rodolitz, 47 Misc 2d 129), there is squarely presented again *547 the question as to whether the burden of persuasion rests on the People or the defendant in a suppression hearing made pursuant to section 813-c of the Code of Criminal Procedure.
Prior to People v. Malinsky (15 N Y 2d 86) it was well settled that (except where waiver or consent was relied on to justify a search without a warrant) the burden of proof was on the defendant. (See People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014; People v. Entrialgo, 19 A D 2d 509, affd. 14 N Y 2d 733; and, see, People v. Merz, 20 A D 2d 918.)
The footnote at page 91 of the unrevised opinion in Malinsky decided in January, 1965, would have unequivocally changed the rule and placed the burden on the People. In its unrevised form, it read:1 ‘ The People have the burden of showing probable cause both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest.”
People v. Allen (45 Misc 2d 739) decided March 15, 1965, obviously in reliance on the unrevised footnote, held that the burden of proof is on the People. So too, in more cautious fashion, did the Appellate Division, Second Department, in People v. Cotton (23 A D 2d 890), decided May 24, 1965.
However, the language of the Malinsky footnote was revised and, as found in the bound volume of 15 N Y 2d, at page 91, reads: “ The People, in order to prevail, are under the necessity of going forward in the first instance with evidence to show that probable cause existed both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest. (See People v. Gary, 14 N Y 2d 730, cert. den. 379 U. S. 937; see, also, Wong Sun v. United States, 371 U. S. 471, 479-480; United States v. Rivera, 321 F. 2d 704, 708; Cervantes v. United States, 263 F. 2d 800, 805.)”
In People v. Mercado (24 A D 2d 609) decided July 12, 1965, the Appellate Division, Second Department, relying now on the revised Malinsky footnote, stated: “In our opinion, under the decisional law of this State, it may not properly be held that, on a motion to suppress evidence, the burden of proof is on the People (cf. People v. Allen, 45 Misc 2d 739; People v. Malinsky, 15 N Y 2d 86 — compare the footnote No. 2 in the official bound volume with the footnote in the official advance sheet dated Feb. 10, 1965).” (See, also, People v. Walton, 24 A D 2d 640, 641; People v. Loria, 24 A D 2d 116, 119, 120 [1st Dept. decided Nov. 9, 1965], and, cf. People v. Brighenti, 16 N Y 2d 753 and People v. Alfinito, 16 N Y 2d 181.)
It would appear now to be well settled that, although the duty to go forward initially with proof to support the legality of a *548 search and seizure is upon the People, the ultimate burden of persuasion is upon the defendant in an 813-c hearing (except where waiver or consent is relied on by the People to justify a search without a warrant).
The motion to reargue is granted and upon reargument, the original determination is adhered to.