Oscar Murov, J.
The defendant is charged with a violation of section 1751 of the Penal Law in that he did have in his possession and under his control a quantity of narcotic drugs, canabis sativa, commonly known as marijuana. The defendant moves for an order suppressing certain evidence seized by the police at the time the defendant was apprehended, or in the alternative that the matter of suppression of such evidence be set down for a hearing before the court. The District Attorney objects to the application and moves that the motion be denied for the reason that the application is based on the affidavit of the attorney which is made on information and belief.
Defendant’s counsel, in his"memorandum of law, relies upon the case of the People v. Malinsky (15 N Y 2d 86 [Jan., 1965]) and upon a case of the People v. Allen (45 Misc 2d 739 [Sup. Ct., Kings County, March, 1965]).
The question presented on this motion is simply whether or not a motion to suppress must be based upon the affidavit of the defendant (one having knowledge of the facts) or upon an affidavit made on information and belief.
In the Malmsky case nowhere in the body of Judge Fuld’s opinion is there any indication changing the rule indorsed by the Court of Appeals that on a motion to suppress evidence the burden is on the defendant to sustain his claim of illegal search and .seizure. (People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014.) In a footnote, No. 2, as contained on page 91 in the official bound volume, in referring to a new hearing being ordered on the motion to suppress, it states: ‘ ‘ The People, in order to prevail, are under the necessity of going forward in the first instance with evidence to show that probable cause existed both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to an arrest.”
*13 The afore-mentioned footnote in the official bound volume differs from the same footnote contained in the official advance sheet dated February 10, 1965, which reads as follows: “ The People have the burden of showing probable cause both in obtaining a search warrant and in sustaining the legality of a search made, without a warrant, as incident to arrest. ’ ’
Mr. Justice Shapiro in the Allen case (supra, pp. 744-745) altered his former position contained in People v. Cangione (33 Misc 2d 23) by apparently relying on the note contained in the advance sheet. Judge Shapiro indicated his reluetancy to abandon his former decision when he indicated: “ I am reluctantly compelled to conclude that a defendant may now move to suppress, without any supporting affidavit, if the notice of motion specifies what it is that is sought to be suppressed.”
Were it not for the discrepancy in the footnotes in the Malinsky case, Judge Shapiro would have found that the motion in the Allen case based solely upon the affidavit of the defendant’s counsel, be denied. He plainly stated (p. 744): “ It follows from what has been said that if it were not for the footnote in Malinsky, the position of the District Attorney that the moving papers here are insufficient to warrant the ordering of a hearing would be sustained.”
In a recent case on the People v. Mirasola (35 Misc 2d 886, 887), Justice Irwin D. Davidson, in citing People v. Cangione (supra) said: “ The burden is upon a defendant who claims that property was seized by police allegedly as the result of an illegal search to initially put that fact in issue. This he can only do upon the defendants ’ own affidavit ’ ’ and e 1 An affidavit should set forth the factual picture by a person who knows the facts. If a legal argument is offered, that should be incorporated in a memorandum of law and submitted to the court as a legal argument. ’ ’
I therefore decide that under the decisional law of this State, a motion to suppress evidence must be made upon the affidavit of one having knowledge of the facts and not upon information and belief as is presented in this matter, and accordingly the within motion is denied.