Bernard Tomson, J.
This motion to suppress following upon a search without a warrant raises for determination the nature of the burden of proof placed by the New York authorities on the defendant in a search and seizure suppression hearing. None of the authorities seem to define the burden precisely.
Although the burden of going forward in the first instance is on the People (People v. Malinsky, 15 N Y 2d 86), it is well established that in New York State the burden of proof (persuasion) is on the defendants in this hearing. (People v. Entrialgo, 19 A D 2d 509, affd. 14 N Y 2d 733; People v. Lombardi, 18 A D 2d 177, affd. 13 N Y 2d 1014; People v. Allen, 45 Misc 2d 739; People v. Mercado, 24 A D 2d 609; People v. Alfinito, 16 N Y 2d 181; People v. Solimine, 18 N Y 2d 477; People v. Walton, 24 A D 2d 640; People v. Rizzo, 50 Misc 2d 458; People v. Rodolitz, 47 Misc 2d 129, rearg. 48 Misc 2d 546; People v. Childers, 54 Misc 2d 752, affd. 28 A D 2d 725.)
In a scholarly opinion, Judge Weinstein in United States v. Schipani (289 F. Supp. 43, 54 [U. S. Dist. Ct., E. D. N. Y.]), decided July 26, 1968, details the phrases used by courts as a measure of the burden placed on a party in this type of hearing. These include “clear and convincing evidence,” “clear and positive evidence,” “ clear cut determination,” “ clear and positive testimony”. (Judge Weinstein is very persuasive in urging that in all suppression hearings, confession or search and seizure, that the Government be required to prove beyond a reasonable doubt that the evidence it introduces was legally obtained, citing, inter alia, People v. Rodriguez (11 N Y 2d 279, 286); People v. Dentine (21 N Y 2d 700, 703). The New York cases, including those of the Court of Appeals, of course make a sharp distinction between the burden of proof in confession cases and search and seizure cases, a distinction which this court therefore is required to adopt.
People v. Alfinito (supra, p. 186) refers to the application of this burden by requiring the application of the following test — ‘ ‘ any fair doubt arising from the testimony at the suppression hearing * * * should be resolved in favor of the warrant ” (emphasis supplied). It is difficult to relate the words “ fair doubt ’ ’ to the well-defined and well-understood ‘ ‘ fair preponderance of the credible evidence” or “beyond a reasonable doubt ’ ’. Most often an appellate court affirms or reverses a *771 suppression order without direct reference to the burden of proof. (See, e.g., People v. Murray, 30 A D 2d 584: “ The trial court found upon adequate evidence,” “no sound reason appears for rejecting that conclusion ”.)
A close reading of the cases would seem to permit the conclusion that, although the usual burden imposed upon the People is that embraced in the words “ beyond a reasonable doubt ”, the defendant (whatever the language used) should have no greater burden than to establish an issue by a preponderance of the evidence. Cf. Penal Law, § 25.00, which reads: “ 1. When a ‘ defense, ’ other than an 1 affirmative defense, ’ defined by statute is raised at a trial, the people have the burden of disproving such defense beyond a reasonable doubt.
‘1 2. When a defense declared by statute to be an ‘ affirmative defense ’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence.”
The Practice Commentary by Richard G-. Denzer and Peter McQuillan following the section in McKinney’s (McKinney’s Cons. Laws of N. Y., Book 39, p. 44) is of some interest in this connection.
It is, therefore, here held that the burden imposed upon the defendants on this suppression hearing was to show by a preponderance of the evidence that the search, seizure and arrest were unreasonable.
Applying this test, the court finds the essential facts as follows : On April 3, 1968, the defendants were found, by the two police officers testifying, in an automobile in a private parking lot at about 11:30 a.m. The officers observed the car and its occupants for some time and then approached it. The defendant Brown left the car as they approached to change a tire. Both officers testified to a critical fact here, to wit, that from a point just outside the car looking through the car window, they were able to see, on the car floor, People’s Exhibit 1, a hypodermic with needle attached, the possession of which would constitute a violation of section 220.45 of the Penal Law. This testimony was not successfully attacked by defendants’ witnesses. On these facts, the arrest which followed was lawful as was the search and seizure of the exhibits. (Strictly speaking, the seizure of the hypodermic and needle did not follow a search since they were in open view. (People v. McKendall, 30 A D 2d 717, 720; People v. Ray, 26 A D 2d 560, 561; People v. Manzi, 38 Misc 2d 114, affd. 21 A D 2d 57; People v. Swanberg, 22 A D 2d 902, mod. in other respects and affd. 16 N Y 2d 649.)
It must be noted that, although section 220.25 creates a statutory presumption making the presence of a dangerous drug in *772 an automobile “ knowing possession thereof by each and every person in the automobile at the time such drug was found”, there is no similar statutory presumption as to criminal possession of a hypodermic instrument. At the trial this may present a troublesome problem for the People on the issue of possession, particularly as to the defendant Brown who was not in the automobile at the time the hypodermic instrument was seen by the police officers. However, the requirement that the police officer have reasonable cause to believe that the person arrested is the responsible party does not require a finding supported by facts sufficient to satisfy the burden placed on the People at a plenary trial for a conviction or even facts sufficient to make out a prima facie case.
“ The test to be applied in determining probable cause was well stated in People v. White (16 N Y 2d 270, 273). There Chief Judge Desmond wrote: “ But we will remember that what we are talking about is not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted.” (See, also, People v. Zimbardo, 21 N Y 2d 15; People v. Smith, 21 N Y 2d 698; Carlo v. United States, 286 F. 2d 841, 848, cert. den. 366 U. S. 944; People v. Lombardi, 18 A D 2d 177, 180, affd, 13 N Y 2d 1014, supra.)
On all the evidence, it is here held that the defendants failed to sustain the burden imposed on them. The motions to suppress are denied.