George Beisheim, Jr., J.
This defendant is charged with criminally possessing a dangerous drug in the fourth degree and escape in the second degree. The People move to reargue a decision of this court made from the Bench on January 28, 1970, which granted the defendant’s motion to suppress as evidence certain property seized by members of the Port Chester Police Department, unless the People submitted, within one week, an affidvait in opposition to the motion sworn to by someone having personal knowledge of the facts, controverting the averments contained in the defendant’s affidavit. The motion for reargument is granted.
The relief sought by the defendant in his original application was for an order pursuant to the provisions of section 813-c et seq. of the Code of Criminal Procedure and the Fourth Amendment to the Constitution of the United States of America (a) suppressing the use as evidence in the criminal proceedings now pending against said defendant any property or things obtained directly or by means of an alleged unlawful seizure described in the annexed affidavits of the attorney for the defendant and said defendant, and (b) suppressing the use as evidence of any statements obtained in whole or in part by the use of the articles and property obtained by means of said alleged illegal seizure, and (c) for the inspection of the Grand Jury minutes and dismissal of the indictment herein if the court shall have found an illegel search and seizure and upon inspection of the minutes that the illegally obtained evidence or any statements resulting therefrom were used *555 before the Grand Jury, and (d) for such other and further relief as to the court may seem just and proper.
The affidvait of the attorney for the defendant is made upon information and belief, the sources of which are ‘ ‘ the affidavit of the defendant annexed hereto and a Preliminary Hearing held in the Court of Special Sessions for the Village of Port Chester on October 15th, 1970 ”, the minutes of which were not annexed to the motion papers. The defendant’s affidavit on the original motion states that he was taken into custody in a. store in Port Chester, New York, on September 29, 1970, by an officer or officers of the Port Chester Police Department; that the police did not have a search or arrest warrant for him, and that he did not give permission to the police to search him or seize anything from his person, and that a $20 bill which was in his hand was taken from him. Further, the defendant states that the charges in the local criminal court were criminal sale of 4 bags of heroin and criminal possession of 25 bags of heroin; that testimony at the preliminary hearing concerning the sale charge was that its basis was observation of the defendant before he was taken into custody as aforesaid; that the indictment does not contain a charge concerning the sale of heroin, and that the possession charge did not take place until after he was taken into custody and after the $20 was seized. Defendant’s affidavit also alludes to the testimony of a police officer at the preliminary hearing. The legal argument made by defendant’s attorney is that the police did not have probable cause to arrest the defendant and make the resultant search and seizure, from which he draws the legal conclusion that the search and seizure could not be incident to a lawful arrest (People v. Malinsky, 15 N Y 2d 86, 91), and hence was illegal.
The People’s affidavit, made by an Assistant District Attorney, was made upon information and belief, the source of which is the case file maintained by the District Attorney. Said affidavit stated that members of the Port Chester Police Department lawfully arrested the defendant pursuant to subdivision 1 of section 177 of the Code of Criminal Procedure, which states:
“ § 177. In what cases allowed. A peace officer may, without a warrant, arrest a person.
“ 1. For an offense, committed or attempted in his presence, or where a police officer as enumerated in section one hundred fifty-four-a of the code of criminal procedure, has reasonable grounds for believing that an offense is being committed in his presence.”
*556 The basis for the arrest was that the defendant allegedly-dropped a small paper bag in plain view of the police and the police retrieving this bag found that it contained what appeared to them to be glassine envelopes containing heroin. Thus, the People contend that the police had probable cause to arrest the defendant for alleged possession of a dangerous drug in their presence and that the search and seizure was incident to a lawful arrest (People v. Malinsky, supra). The People’s request for relief was that the motion of defendant in all respects be denied.
The court, before rendering its original decision, did not read the minutes of the preliminary hearing which were incorporated in defendant’s motion papers by reference, but no copy of which was furnished to the court. These minutes contain, among other things, the sworn testimony of Detective Richard Dooley, wherein he stated, in part, as follows:
“ Q. Did you approach Mr. Harry in Fusco’s? A. We both did in the store, yes.
Q. All right. Now, did you then identify yourselves? A. ’ Capt. Grosse identified both of us as police officers and asked him if he would please walk to the rear of the store.
Q. Did he do that? A. Yes. He walked toward the rear of the store. Capt. Crosse was on his right and I was at the rear to the left, following- him.
Q. All right, after you identified yourself and you approached the defendant and you took him to the rear of the store, what did you do then? A. Well, on the way to the rear of the store I was walking behind him to his left and as he walked by these two large brown refuse containers, he dropped a brown paper bag into the first refuse container. I retrieved it, opened it up, and found twenty-five glassine bags in the bag.
Q. And what did these twenty-five glassine bags contain?
me. hxieley : Objection!
# # #
Q. All right. I did ask you, Officer, before you took the stand, whether or not you’re familiar with narcotics and what is heroin. Are you familiar with what is heroin? A. Yes.
Q. In your experience as a police officer, have you made arrests in seizing heroin? A. Yes.
Q. And now, then, this substance that you found in the container, did you look at it? A. Yes, I did. I examined it.
Q. And what substance was it? What was the substance that you found in the bag? A. Heroin.”
*557 Prescinding the question of whether the detective’s testimony alone was sufficient to establish the fact that the contents of the 25 glassine bags about which he testified actually were heroin, his testimony certainly showed probable cause that such was the case under the circumstances testified to in the preliminary hearing. Accordingly, the officer, if his testimony be believed, had reasonable grounds to believe an offense was committed by defendant in his presence. Hence, the arrest was a legal arrest and the search of defendant’s person a lawful search; and the money taken from defendant’s person was lawfully seized as being incident to a lawful arrest.
The court has considerable doubt as to whether defendant’s affidavit controverts the testimony of Detective Dooley so as to establish defendant’s right to a suppression hearing. The court on this motion will resolve this doubt in defendant’s favor and grant a hearing where the entire matter may be resolved upon examination and cross-examination of all persons having knowledge of the facts.
Inasmuch as there has been considerable disagreement between counsel for the Westchester Legal Aid Society, and perhaps other attorneys for defendants, and the Westchester County District Attorney as to the nature of affidavits which must be submitted by the defendant and by the People in connection with motions to suppress, the court herewith prescribes certain guidelines which it believes are required by the statutes and judicial interpretations thereof by the courts of this State.
Section 813-c states:
“ § 813-c. The motion in general. A person claiming to be aggrieved by an unlawful seach and seizure and having reasonable grounds to believe that the property, papers or things, hereinafter referred to as property, claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding, may move for the return of such property or for the suppression of its use as evidence. The court shall hear evidence upon any issue of fact necessary to determination of the motion.
‘ ‘ If the motion is granted, the property shall be restored unless otherwise subject to lawful detention, and in any event it shall not be admissible in evidence in any criminal proceeding against the moving party.
‘ ‘ If the motion is denied, the order denying such may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty.”
*558 Upon a motion to suppress “ Initially, the defendant carries the burden of proof when he challenges the legality of a search and seizure (see, e.g., Nardone v. United States, 308 U. S. 338, 342), but the People have the burden of going forward to show the legality of the police conduct in the first instance (People v. Malinsky, 15 N Y 2d 86, 91, n. 2).” (People v. Whitehurst, 25 N Y 2d 389, 391.) In order for the defendant to create an issue which requires a hearing pursuant to section 813-c of the Code of Criminal Procedure, the application must be made upon the defendant’s own affidavit or upon the affidavit of another who has personal knowledge of the facts (People v. Leonard, 33 A D 2d 1010; People v. De Simone, 56 Misc 2d 289; People v. Vasquez, 50 Misc 2d 12; People v. Mirasola, 35 Misc 2d 886; People v. Cangione, 33 Misc 2d 23).
If, upon a motion to suppress, the defendant by his own affidavit, or by the affidavit of another person having personal knowledge of the facts, creates an issue requiring a hearing, the People by the affidavit of the District Attorney, or an Assistant District Attorney, may consent to a hearing without controverting the facts set forth in the affidavit submitted in support of defendant’s motion to suppress, provided that the conclusory affidavit submitted by the People expressly asks for or consents to the hearing. (People v. McCoy, 27 A D 2d 858, affd. 21 N Y 2d 730.) The full memorandum decision of the Appellate Division in the McCoy case states: “ Order of the County Court, Westchester County, dated November 18, 1965, reversed, on the law, and motion remitted to the court below for a hearing on all the issues raised in the record relating to the arrest and the search and seizure and for further proceedings not inconsistent herewith. On this motion by defendant to suppress, the opposing affidavit of an Assistant District Attorney indicated that a controversy existed between the facts presented by defendant and the facts in the possession of the People. In our opinion, the foregoing, coupled with requests that a hearing be held to determine the issues, was sufficient to mandate such a hearing (cf. United States v. Okawa, 26 F. R. D. 384; United States v. Warrington, 17 F. R. D. 25; People v. Weldon, 17 N Y 2d 814; People v. Cuppinger, 23 A D 2d 681).”
The Court of Appeals, in its memorandum decision affirming the Appellate Division decision in the McCoy case, made it clear that the District Attorney must request the hearing in his affidavit, saying at page 731: “ The Appellate Division found that the affidavit submitted by the assistant district *559 attorney in opposition to the motion to suppress indicated the existence of a controversy between the facts presented by defendant and the facts in the possession of the People, and that this, coupled with requests for a hearing, was sufficient to mandate such a hearing.”
It would be unreasonable to hold that the District Attorney, if he believed the facts so warranted, could not take the position that the defendant had not set forth facts making a hearing necessary, but if he does take such a position, he must request as alternative relief that a hearing be directed; otherwise, he will not have come within the provisions of People v. McCoy (supra).
In conclusion, the court at this time reserves decision on defendant’s motion to suppress but directs a hearing be held immediately before trial upon the sole issue of whether or not the property allegedly seized from defendant’s person should be suppressed. The court also reserves decision as to the other relief requested by defendant’s motion which may be resolved by the court after a determination has been made upon the issue tried in the suppression hearing.