■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENARO GONZALEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), rendered May 10, 1984, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the summary denial (McMahon, J.), of that branch of defendant's pretrial motion which sought to suppress physical evidence and the adherence to that determination upon reargument.

Judgment affirmed.

Defendant moved, inter alia, to suppress items of stolen property found by police in his automobile, claiming that the arresting officers had acted without probable cause. That branch of defendant's motion was properly denied without a hearing since his motion papers failed to include any sworn allegations of fact as required by CPL 710.60 (see, People v Roberto H., 67 AD2d 549). Defendant then moved for reargument of certain branches of his pretrial motion, and included in his motion papers a transcript from a preliminary hearing in this proceeding which contained testimony from the two arresting officers regarding the circumstances of defendant's arrest. Upon reargument, the court properly adhered to its original determination summarily denying that branch of defendant's pretrial motion which sought suppression of physical evidence. Since defendant's motion papers did not controvert any of the facts proven at the preliminary hearing, defendant raised only a legal issue which could be summarily decided by the court (see, CPL 710.60 [3]; People v Webb, 97 AD2d 779; People v Harry, 65 Misc 2d 553). Even though the

court's decision and order failed to set forth its findings of fact and conclusions of law as required by CPL 710.60 (6), it is evident from the record that defendant was not entitled to suppression of the physical evidence *(see, People v Acosta,* 74 AD2d 640).

Defendant's vehicle drew the attention of undercover officers on patrol at the parking garage of the Galleria Mall in White Plains, when it was moved from one location to another within the garage. Its several occupants were then seen repeatedly walking back and forth between the mall and the vehicle. None of these persons carried any packages and the clothing of one of the persons appeared bulkier upon his leaving the mall.

Based upon their observations, the police acted properly when they stopped the car to question its occupants *(see, People v Ingle,* 36 NY2d 413; *People v Sherman,* 106 AD2d 416; *People v Denti,* 44 AD2d 44). Defendant was placed under arrest when he failed to produce a valid operator's license *(see,* Vehicle and Traffic Law § 509; *People v Griffin,* 116 Misc 2d 751), and the stolen merchandise was found by the officers in plain view on the floor of the vehicle *(see, People v Denti, supra).* Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.