Alexander Vitale, J.
The defendants are charged with a violation of section 481 of the New York State Tax Law. The information alleges that the defendants had, in their possession 16,650 packages of cigarettes without having the State tax stamp affixed thereto. The cigarettes were seized by the police officers at the time the defendants were arrested. The defendants have now moved for an order suppressing the use, upon the trial, of this evidence. The affidavit in opposition to the motion, made by one of the arresting officers, states that a surveillance was commenced of the defendant Burke. It is claimed that Burke proceeded to premises in Valley Stream, where he was observed, together with the other defendants unloading the cigarettes. Thereupon an arrest was made. The District Attorney does not offer any opposition to a hearing. However, he questions the defendants’ right to the same upon the present papers. The application is made solely upon the affidavit of the defendants’ attorney. The District Attorney argues that such affidavit, being admittedly hearsay, fails to create an issue which requires a hearing pursuant to section 813-c of the Code of Criminal Procedure.
This problem was raised on prior occasions. Uniformly, the courts have held that the affidavit of the attorney is insufficient. (People v. Cangione, 33 Misc 2d 23; People v. Mirasola, 35 Misc 2d 886; People v. Vasques, 50 Misc 2d 12; see, also, People v. Allen, 45 Misc 2d 739.)
In other words, it is the obligation of the defendant to raise the issue, although the People carry the burden of going forward with evidence to sustain the legality of the search made as an incident to an arrest without a warrant. (People v. Malinsky, 15 NY 2d 86.)
The defendant, however, states that by being compelled to controvert, under oath, the People’s position to the extent necessary to create an issue, he is being, in effect, compelled to make admissions, and thereby incriminate himself in violation of the Fifth Amendment of the Federal Constitution.
The defendants ’ contention must be viewed against the holding of Miranda v. Arizona (384 U. S. 436, 460), decided at the *291 June 1966 term of the court. It was there stated, as a prelude to the court’s decision, that “We have recently noted that the privilege against self-incrimination — the essential mainstay of our adversary system — is founded on a complex of values ”.
The Supreme Court in the Miranda case decided that the values to which they alluded, required that the privilege against self incrimination he applied to in-custody questioning of persons charged with the commission of a crime.
However, at the same term of court, there was handed down the decision in the matter of Schmerber v. California (384 U. S. 757). The court there determined'that the privilege does not extend to a prohibition against taking a blood sample from a defendant without his consent. It was said (pp. 761-762), “ The critical question, then, is whether petitioner was thus compelled * to he a witness against himself. ’ If the scope of the privilege coincided with the complex of values it helps to protect, we might he obliged to conclude that the privilege was violated. * * * As the passage in Miranda implicitly recognizes, however, the privilege has never been given the full scope which the values it helps to protect suggest. ’ ’
In view of these principles, it becomes apparent that the defendants’ position herein is'not well founded. A requirement that he personally submit a statement, under oath, sufficient to raise an issue does not violate his privilege against self incrimination. The privilege applies to situations where compulsion exists to such a degree as to remove from the defendant the effective exercise of his free will. Here, the defendant may elect to raise the issue or to remain silent.
To give the movant’s position its literal construction, a defendant would be entitled, in every case where an arrest is made without a warrant, both as a matter of right, and as a matter of procedure, to a pretrial hearing wherein a court must make an independent finding as to whether or not the arresting officer acted upon probable cause.
Accordingly, the defendants’ application is denied, with leave to renew upon proper papers.