■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARRY LEONARD, Appellant.— Judgment entered June 20, 1968, convicting defendant, upon his plea of guilty, of criminal possession of a dangerous drug, affirmed. The motion to suppress was based solely on the testimony of the arresting police officer given at the preliminary hearing before the Magistrate and the hearsay affidavit of defendant's attorney. The latter had no evidentiary value. (*People* v. *De Simone*, 56 Misc 2d 289, affd. 59 Misc 2d 562.) The uncontradicted testimony of the police officer presented no issue of fact requiring a hearing. (*People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1.) In *Rodney P.* the admissions were made after questioning, without *Miranda* warnings, a 16-year-old boy who had previously been identified by an accomplice as a participant in a theft. The

court said (pp. 10, 11) : " This kind of questioning is little different from routine police investigation of crimes or suspicious conduct at a person's home, his place of business or on the street — the kind of questioning which has uniformly been held not to require the *Miranda* warnings." In *People* v. *Paulia* (25 N Y 2d 445, 449) it was said: " To be sure, the questioning of a defendant, in her own home by police officers is not, without more, sufficient to conclude that the interrogation was custodial ". The defendant chose not to supply his version of the occurrence and there is no competent evidence in this record that the defendant was deprived of his freedom of action in any significant way or that there was an illegal search and seizure. In *People* v. *Oramus* (25 N Y 2d 825) cited in the dissent, the defendant was questioned "in the custodial atmosphere of the station house " to which he had been brought in a patrol car. Concur — Eager, J. P., McNally and Macken, JJ.; Nunez, J., dissents in the following memorandum: Several police officers, (the exact number does not appear in the record) having received "information connecting the defendant personally with possession of marijuana " and "information from the Narcotics Bureau, that they were holding marijuana parties in this apartment" questioned this 20-year-old defendant for 15 minutes before they were able to obtain the admissions sought. The youthful defendant was alone in his apartment. Detective Rothengast testified that, when asked if he had any marijuana, the defendant said "yes ", went into his bedroom and produced a small quantity of the illegal drug whereupon he was placed under arrest. Although they had previous information indicating defendant was in possession of marijuana, the police did not have either an arrest nor a search warrant. Concededly he was not warned of his constitutional rights until after he was arrested. The only evidence supporting the indictment apparently consisted of his admissions and the seized marijuana. It is for me difficult to conceive of a clearer case of violation of the principles and the rule of law enunciated by the United States Supreme Court commencing with *Miranda* v. *Arizona* (384 U. S. 436 [1966]) followed by *Mathis* v. *United States* (391 U. S. 1 [1968]) and *Orozco* v. *Texas* (394 U. S. 324 [1969]). It is patent from the record that from the onset defendant was a prime suspect; the police went to defendant's apartment for the purpose of interrogating him about criminal activity; they were in complete control and dominated the scene; once in the presence of the police officers the defendant was deprived of his freedom of action in every significant way. The police was cognizant of the warning requirement mandated by law. They informed defendant of his constitutional rights *after* they had obtained the answers and the evidence they were seeking; they did exactly what the law states they may not do. By affirming this judgment of conviction the majority of my colleagues are overriding the now well established *Miranda* doctrine recently reaffirmed by the Court of Appeals in a weaker case. (See *People* v. *Oramus,* 25 N Y 2d 825; July 1, 1969.) The judgment should be reversed and the indictment dismissed.