## FOURTH DEPARTMENT, JANUARY, 1972

(January 13, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES T. JANTO, Appellant.— Judgment affirmed. Memorandum: On this appeal from a judgment convicting him, on his plea of guilty, of attempted rape in satisfaction of an indictment charging him with rape and sodomy, defendant seeks reversal of the judgment on the ground that he was improperly denied a suppression hearing. The denial of his motion may be reviewed on this appeal notwithstanding the fact that the judgment is predicated on his plea of guilty (Code Crim. Pro., § 813-c). The motion to suppress was based solely on the hearsay affidavit of his attorney. In *People* v. *Leonard* (33 A D 2d 1010, affd. 27 N Y 2d 959) the court in affirming a conviction in a similar situation said: " The motion to suppress was based solely on the testimony of the arresting police officer  *  *  * and the hearsay affidavit of defendant's attorney. The latter had no evidentiary value. (*People* v. *De Simone,* 56 Misc 2d 289, affd. 59 Misc 2d 562.) The uncontradicted testimony of the police officer presented no issue of fact requiring a hearing." After the motion had been denied the Sheriff testified in a *Huntley* hearing that defendant admitted having had sexual intercourse with the victim. He told the Sheriff that a gun was involved and said, " if you want me to I will go home and get it for you ". Appellant's argument, that the trial court upon hearing such testimony should have reconsidered the motion for a suppression hearing, is without merit. As in *People* v. *Leonard* (*supra*) this testimony of the police officer presented no issue of fact which would justify a hearing. Furthermore, defendant, having made no motion for reconsideration of the suppression motion, cannot raise the point on this appeal. Other points raised by appellant are also without merit and require no discussion. All concur except Cardamone, J., who dissents and votes to reverse the judgment and remit the matter for further proceedings in accordance with the following memorandum: In my view it was error for the trial court to take the defendant's plea without first granting him a suppression hearing. The majority bases its affirmance on the fact that the motion made requesting it was not supported by an affidavit from the defendant, but merely by an affidavit of his attorney. Such a narrow construction does not seem warranted by the applicable language of section 813-c of the Code of Criminal Procedure, which, in setting forth the requirements for a motion to suppress, does not require an affidavit of defendant. It should be noted that the Criminal Procedure Law (eff. Sept. 1, 1971) now requires that on a motion to suppress the motion papers state the grounds of the motion upon " sworn allegations of fact, whether of the defendant or of another person  *  *  * supporting such grounds " or upon information and belief provided the sources of such belief are stated (CPL 710.60). It should be further noted that the Code of Criminal Procedure permits the court to entertain such motion during a trial (§ 813-d, subd. 1), and since this is pre-

sumably made by defendant's attorney there is no reason why the sworn affidavit of defendant's attorney prior to trial should not be sufficient to obtain a suppression hearing. Even if the statute may not ordinarily be so construed, nevertheless it should receive a broader interpretation where, as here, the issue of the suppression hearing itself is one upon which the People, and not the defendant, bear the ultimate burden of proof. Where the defendant requests a suppression hearing on evidence obtained as an incident of a lawful arrest or by virtue of a warrant he carries the burden of proof to show the illegality of the seizure (*People* v. *Berrios,* 28 N Y 2d 361, 367). In thus attacking the regularity of official conduct his affidavit should set forth the facts upon which he relies to establish this contention. When a search and seizure based upon consent, however, the burden of proof rests heavily upon the People to establish the voluntariness of the waiver of this constitutional right (*People* v. *Whitehurst,* 25 N Y 2d 389, 391). It is plain from the testimony of the Sheriff that the People are relying on the defendant's consent in the alleged seizure of the toy gun from his premises. Where the ultimate burden of proving consent rests heavily on the People, the requirements imposed on defendant asking for a hearing on his alleged waiver of a constitutional right cannot be as strict as where the burden rests on him. Indeed, the motion papers with the attorney's sworn affidavit were before the court in this case, and they clearly indicated the existence of a controversy on the issue of suppression. Further, the District Attorney consented to the holding of a hearing. This request plus the sufficient evidence of the existence of the controversy mandates the holding of a hearing (cf. *People* v. *McCoy,* 21 N Y 2d 730, 731), following which, if suppression be granted, the defendant should be permitted to replead to the indictment. (Appeal from judgment of Ontario County Court, convicting defendant of attempted rape, first degree.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.