■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DONALD LUCENTE, Respondent.— Appeal from an order of the County Court of Tompkins County, entered July 21, 1971, which granted a motion by defendant to suppress evidence. Respondent was indicted for the crimes of criminal possession of stolen property, first degree (Penal Law, § 165.50) and criminal possession of stolen property, second degree (Penal Law, § 165.45) after seizure, pursuant to a search warrant, of a quantity of allegedly stolen property from respondent's place of business and his home. The evidence so seized was ordered suppressed by the County Court of Tompkins County following a hearing at its direction. The substantial portion of the testimony at the hearing was provided by Sergeant Wilber E. Van Idistine of the Ithaca Police Department, one of those whose supporting affidavit provided the basis for the search warrant and the officer who executed the warrant at respondent's place of business.* A major portion of his testimony was rejected by the court below and implicit in its finding was a determination that the police officer was either unworthy of belief or his testimony was based upon physical impossibilities. This conclusion is not supported by the record. The search warrant in question was issued by another County Judge of Tompkins County upon sufficient affidavits showing certain property had been stolen and that there was probable cause for believing this property was located at premises owned by the defendant (Code Crim. Pro., § 796). The record established that about 3:20 A.M. on the morning of July 19, 1970, Sergeant Van Idistine was called to the scene of defendant's business establishment, Empire Building Supplies, in the City of Ithaca to investigate a disturbance. Upon arrival he found two police officers had preceded him and observed five young people unloading household furniture and related items into defendant's warehouse from a U-Haul truck. Upon questioning, inconsistent versions of their purpose and activities were obtained and, when close scrutiny of the merchandise was made and certain serial numbers were recorded, the defendant, who had arrived during interrogation of those present, directed the truck be reloaded and taken away. Just prior to this direction he indicated he had other dealings with these individuals and that

* The warrant was also executed at respondent's home, but by another officer.

"everything was all right". An itemized list of the contents of the truck totaling 23 items was made and in a jewelry case was a name plate containing the name of John R. Middleton of Vestal, New York. The fact of the burglary of the Middleton residence was verified and this information became available to the Ithaca Police Department in the afternoon of July 19, 1970. That evening Sergeant Van Idistine again was on the night shift and came to work about 10:30 P.M. As was his custom, he later went out on patrol and checked certain premises in the high incident of crime area and also checked, as was his custom, Empire Building Supplies. Admittedly his instincts as a police officer had been alerted. With commendable diligence, he entered defendant's premises and as his headlights were directed at the warehouse above mentioned he observed a color of a fabric similar to what he had seen being unloaded the previous morning. His instincts were further aroused and upon peering into the warehouse, he recognized a great number of the items of furniture he had seen some 24 hours before. Upon close scrutiny he was able to obtain further identification by way of name plate or tag by the use of a flashlight, without entering the warehouse. The next morning the Tioga County Sheriff's office obtained a voluntary, unsworn, but certified as true, statement from one of the participants in the truck unloading episode admitting the Middleton burglary along with a series of others, implicating the defendant as the receiver of these and other specific stolen goods over a period of time. Sworn statements by a Tioga County Deputy Sheriff and a State Police Investigator described their part of the investigation and the sources of information that identified other stolen material. While the affidavits upon which the search warrant was issued contained hearsay when they described conversations with victims of various burglaries, the underlying circumstances were tied together by a chain of events commencing with personal observations of Sergeant Van Idistine and culminating with a "confession" of one of the participants in the criminal activity made to another police officer in the course of an investigation involving multiple police agencies. Clearly this information, for the most part in affidavit form, was more than adequate to justify the issuance of the warrant (*People* v. *Marshall,* 13 N Y 2d 28; *People* v. *Rogers,* 15 N Y 2d 422; *Jones* v. *United States,* 362 U. S. 257, 269). A substantial argument could be presented that under the circumstances no warrant was necessary (*People* v. *Santiago,* 13 N Y 2d 326; *People* v. *Coffey,* 12 N Y 2d 443). The search was valid and the evidence obtained therefrom should not be suppressed. Furthermore, the supporting affidavit upon the motion to suppress, made only by the defendant's attorney, was insufficient on its face and no hearing should have been held in the first place (*People* v. *Mirasola,* 35 Misc 2d 886; *People* v. *Cangione,* 33 Misc 2d 23). Order reversed, and motion denied. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.